830 So.2d 658 (2002)
Albert EDMOND, Appellant,
v.
Regina HANCOCK, Wally Naylor and Mississippi State Parole Board, Appellees.
No. 2001-CP-01165-COA.
Court of Appeals of Mississippi.
May 14, 2002.
Rehearing Denied July 23, 2002.
Certiorari Denied November 7, 2002.
*659 Albert Edmond, Pro Se.
James M. Norris, Jane L. Mapp, Jackson, attorneys for appellees.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
LEE, J., for the court.
¶ 1. Albert Edmond, a prisoner incarcerated within the Mississippi Department of Corrections, was serving a life sentence at the time the present matter arose. Although he had previously been released on parole, his parole had been revoked in 1982. In January 1999, the parole board met for the seventeenth time to consider granting parole to Edmond. The board denied parole, and Edmond was informed that he could again apply for parole after a set-off period of eighteen months. Edmond claimed that he would be entitled to a hearing in May 2000, but the appellees disagree, finding that eighteen months would mean July 2000 would be the earliest that his application could be reviewed. Also, the parole board members resigned their positions prior to the expiration of their terms in June 2000, which Edmond claims resulted in his being subjected to cruel and unusual punishment.
¶ 2. In the form of a petition for writ of habeas corpus/motion to compel, Edmond appealed the parole board's denial of his application for parole to the Greene County Circuit Court. Therein, he asked the circuit court to reverse the board's decision and to allow him to apply for reconsideration for reinstatement of a parole hearing. The judge denied Edmond's petition, finding the parole statutes to which Edmond referred were permissive rather than mandatory with regard to time for parole, plus finding that as a prisoner, Edmond had no constitutionally recognized liberty interest sufficient to trigger a due process entitlement.
¶ 3. On appeal to this Court, Edmond argues that the court erred in affirming the denial of his parole application, that the resignations of the parole board members prior to expiration of their terms violated his due process rights, and that his motion to compel was improperly denied. Having reviewed these issues we find no merit, and we affirm the trial court.

DISCUSSION OF THE ISSUES
I. WAS THE APPELLANT'S PAROLE APPLICATION IMPROPERLY DENIED IN VIOLATION OF THE UNITED STATES CONSTITUTION?
¶ 4. Edmond argues that the parole board's denial of his application for parole and subsequent denial of a hearing violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. He cites the following statute in support of his argument that he was entitled to a reconsideration of his parole eligibility:
Within one (1) year after his admission and at such intervals thereafter as it may determine, the board shall secure and consider all pertinent information *660 regarding each offender, except any under sentence of death or otherwise ineligible for parole.... The board shall furnish at least three (3) months' written notice to each such offender of the date on which he is eligible for parole.
Before ruling on the application for parole of any offender, the board may have the offender appear before it and interview him. The hearing shall be held two (2) months prior to the month of eligibility in order for the department to address any special conditions required by the board.... The board, upon rejecting the application for parole of any offender, shall within thirty (30) days following such rejection furnish that offender in general terms the reasons therefor in writing.
Miss.Code Ann. § 47-7-17 (Rev.2000). According to Edmond's reasoning, when he was given an eighteen month set-off in January 1999, July 2000 became his new parole eligibility date and according to the statute, he was entitled to a new parole hearing in May 2000, which was two months prior to his new parole eligibility date. We disagree, though, and find that the eighteen month set-off did not create a new parole eligibility date, but merely served to inform Edmond that the parole board would not reconsider him for parole for at least eighteen months. Thus, the earliest the board could have reconsidered Edmond for parole or could hold a hearing would have been July 2000.
¶ 5. Additionally, Edmond's claim to a constitutionally protected interest in a parole application and a hearing on parole eligibility fails.
[W]hile maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive "may" rather than "shall," prisoners have "no constitutionally recognized liberty interest" in parole.
Vice v. State, 679 So.2d 205, 208 (Miss. 1996) (citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). Edmond had no protected constitutional right to the parole hearing which he seeks, and we find that this issue is without merit.
II. DID THE RESIGNATIONS OF THE PAROLE BOARD MEMBERS PRIOR TO EXPIRATION OF THEIR TERMS VIOLATE THE APPELLANT'S RIGHT TO DUE PROCESS?
¶ 6. With his second issue, Edmond argues that the members of the parole board failed to honor their contract to remain in office until expiration of their terms on June 30, 2000, and this acted to deprive him of a statutory right to a timely parole reconsideration hearing. In Edmond's case, there is no statutorily mandated time within which the parole board had to hold a hearing to decide whether to grant Edmond parole. The following statute describes the procedure upon revocation of parole:
[T]he offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole. In case a second parole shall not be granted, then the offender shall serve the remainder of the sentence originally imposed....
Miss.Code Ann. § 47-7-27 (Rev.2000). The parole board has discretion to determine whether a reconsideration hearing will be held. Edmond has failed to show that the board members acted imprudently in his situation. As we discussed in the *661 first issue, Edmond was not even eligible for reconsideration of parole until July 2000, when a new set of board members would be serving. Thus, his argument is not well founded, and we find no merit here.
III. DID THE DENIAL OF APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS/MOTION TO COMPEL VIOLATE HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS?
¶ 7. Edmond finally argues that his petition for writ of habeas corpus/motion to compel was improperly denied. In this motion and in his brief on appeal, Edmond argues that the delay in his receiving a hearing violated his constitutional rights. However, we stated previously that the parole board had the discretion to determine dates for parole hearings and that Edmond was not even entitled to consideration for a parole hearing until July 2000. Edmond has produced no evidence that the board members abused their discretion or that his constitutional rights were violated. Thus, we find this issue to be without merit.
¶ 8. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO GREENE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.