943 So.2d 73 (2006)
Jerry Lee MACK a/k/a Jerry Mack, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01138-COA.
Court of Appeals of Mississippi.
June 20, 2006.
Rehearing Denied October 3, 2006.
*74 Jerry Lee Mack, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
IRVING, J., for the Court.
¶ 1. Jerry Lee Mack is currently serving a life term for convictions for murder, aggravated assault, and cocaine possession. After being denied parole, Mack filed a petition in the Jefferson County Circuit Court against the State of Mississippi for relief from the decision of the Mississippi Parole Board (Parole Board).[1] The court denied relief upon a finding that it did not have jurisdiction over the matter, since the conviction came from Hinds County and the Parole Board's decision was within its administrative power. Contending that the denial was in error, Mack appeals and asserts the following errors, which we quote verbatim:
1. WHETHER THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI HAVE [sic] JURISDICTION OVER CONSTITUTIONALLY WRONG PAROLE MATTERS.
2. WHETHER THE MISSISSIPPI PAROLE BOARD DISCRETION [sic] HAS BOUNDARY [sic].
3. WHETHER THE PAROLE BOARD MEMBERS VIOLATED APPELLANTS [sic] CONSTITUTIONAL *75 RIGHTS BY WAY OF DISCRIMINATION.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Under the law as it was at the time of his sentencing, Mack became eligible for parole after serving ten years of his sentences. Mack alleges that, at the time of his parole review, he had "suitable and secure employment," several recommendations, and an excellent prison record. Nevertheless, the Parole Board denied parole to Mack, due to (1) the "serious nature of the offense," (2) "community opposition," (3) "insufficient time served," and (4) "[t]he Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated as amended." The Parole Board did not find any "[r]easons [f]avoring [p]arole." Mack was not present at the parole hearing. The Parole Board decided to revisit Mack's parole status thirty months from the time of its decision.
¶ 4. Mack filed a petition in the circuit court for review of the Parole Board's decision. The circuit court dismissed the petition because "the decision of the Mississippi Department of Corrections Parole Board is within the administrative scope of the Mississippi Department of Corrections and not within this Court's jurisdiction, and as such this Court lacks jurisdiction to proceed in this matter. . . ." The Parole Board was not included as a party to Mack's petition. Additional facts, as necessary, will be related during our analysis of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
(1) Jurisdiction
¶ 5. Mack contends that the circuit court had jurisdiction because Mack's constitutional rights have been violated and he "is housed in Jefferson County, Mississippi." As support, Mack cites Melody Manor Convalescent Center v. Miss. State Dep't of Health, 546 So.2d 972, 974 (Miss.1989), where the Mississippi Supreme Court held that "[t]he only grounds for overturning administrative agency action by the appellate process is that the state agency has acted capriciously, unreasonably, arbitrarily; has abused its discretion or has violated a vested constitutional right of a party." Id. (citations omitted).
¶ 6. The State contends that an inmate has no "`constitutionally recognized interest' in parole." (citations omitted). The State also notes that "the four factors set out by the Parole Board in denying Mack parole have each been upheld by the courts as categories that cannot be viewed as arbitrary and capricious." (citing Justus v. State, 750 So.2d 1277, 1279(¶ 6) (Miss.Ct. App.1999)). The State also presents the alternate argument that "this is a regular civil suit and not a petition for post-conviction relief and as such the lower court should have dismissed the case for `failure to properly name and serve the actual part[y] in interest, namely the Parole Board. . . .'" (quoting McClurg v. State, 870 So.2d 681, 682(¶ 6) (Miss.Ct.App. 2004)).
¶ 7. We agree with the State's assessment that the lower court should have dismissed the case because of Mack's failure to include the Parole Board as a party to the complaint, which is in the nature of a civil suit and not a petition for post-conviction relief. In McClurg, this Court found that the complaint of an inmate who filed an action regarding the calculation of his sentenced time to serve and parole eligibility was a civil action and not a petition for post-conviction relief, and therefore should have been "dismissed for *76 failure to properly name and serve the actual parties in interest, namely the Parole Board and Department of Corrections." McClurg, 870 So.2d at 682(¶ 6). As in McClurg, the petition in the present case was filed only against the State of Mississippi, and not against the Department of Corrections or the Parole Board. Therefore, the circuit court should have dismissed the petition for Mack's failure to file against the proper parties. As stated in Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993), we will affirm a trial court where it reaches the correct result (here dismissal) even if the court's reasoning was incorrect: "On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result." Id. (citing Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988)).
¶ 8. We also note that, even if the complaint had been properly filed against the Department of Corrections or the Parole Board, the circuit court would still be correct in its finding that it does not have jurisdiction over this case:
"A circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefore." Since Title 47, Chapter 7 does not contain a statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole, the circuit court was correct in dismissing the petition due, in part, to lack of jurisdiction.
Cotton v. Miss. Parole Bd., 863 So.2d 917, 921(¶ 10) (Miss.2003) (citations omitted). The Mississippi Supreme Court went on in Cotton to recognize that "a constitutional challenge can justify the assertion of jurisdiction." Id. at 921(¶ 11). However, here, as in Cotton, the complaint fails to allege a constitutional violation sufficient to create jurisdiction in the circuit court. As explained in Vice v. State, 679 So.2d 205, 208 (Miss.1996) (citations omitted):
The United States Supreme Court . . . held that while maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive "may" rather than "shall," prisoners have "no constitutionally recognized liberty interest" in parole.
Therefore, the Parole Board's determination did not violate one of Mack's vested constitutional interests. As noted in Cotton, "the Parole Board is given `absolute discretion' to determine who is entitled to parole within the boundaries of factors set forth in Mississippi Code Annotated section 47-7-3." Cotton, 863 So.2d at 921(¶ 11). As in Cotton, the complaint here basically "called for the circuit court to review the board's determinations." Id. Nothing in the present case's complaint rose to the level of a judicable constitutional issue. Therefore, regardless of the fact that the complaint should have been dismissed for failure to file against the proper parties, the circuit court would not have had jurisdiction even had the complaint been properly filed and served.
(2) The Boundaries of the Board's Discretion
¶ 9. In this point of error, Mack contends that the Parole Board went beyond its discretionary boundaries when it denied his application for parole. However, as noted above, the Parole Board's discretion is "absolute." Additionally, the Parole Board in this case based its decision on factors that are in "areas which [the Parole Board has] been given the *77 authority to consider pursuant to Mississippi Code Annotated section 47-7-17. . . ." Justus, 750 So.2d at 1279(¶ 6).
¶ 10. Mack also contends that the Parole Board exceeded its authority because it relied on factors that "will not change with any future time spent incarcerated." However, a review of the factors utilized by the Parole Board indicates that this statement is untrue. As pointed out by the State, one factor that the Parole Board pointed to was the insufficiency of the time served, a factor that by its nature must "change with any future time spent incarcerated." Additionally, the community opposition to Mack's release, as pointed out by the State, may change over time.
¶ 11. In short, while there may be situations where the Parole Board exceeds its statutory authority, the Parole Board certainly did not exceed its discretion in the present case. The Parole Board's determination was based on factors that find their basis in the statute granting the Parole Board control over which inmates are eligible for parole. Nothing indicates that the Parole Board went beyond its discretion in denying parole to Mack.
(3) Use of Discrimination in Denial of Parole
¶ 12. In this point of error, Mack claims that the Parole Board discriminated against him because it based its decision "upon whether the victim of the crime is a prominent citizen or a poor citizen." The basis for Mack's argument on this point is unclear, since the Parole Board did not mention the victim's status (or, for that matter, anything else about the victim) when denying Mack parole. Mack intimates that the Parole Board improperly took into account his race as he is a "Black American" and "Constitutional Law forbids unfair treatment or denial of equal protection to prisoners because of their race, age or sex nationality [sic] or religion." However, Mack provides no specific examples to show that his treatment is not equal to the parole treatment received by other inmates. Mack fails to point out even one incident of a similarly situated inmate receiving the parole that has been denied to Mack. Instead, Mack's argument appears to be based on the fact that the Parole Board found that "the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking. . . ." Mack contends that, given the evidence presented in his favor, "nothing could be further from the truth" than the Board's determination that he lacked the ability to become a law-abiding citizen. However, for this Court to make a determination as to the correctness of the Parole Board's decision regarding this factor, we would have to improperly reweigh the evidence and substitute our own judgment for that of the Parole Board. Our limited review of parole decisions dictates that we defer to the decision of the Parole Board in this case.
¶ 13. While there are certainly factual scenarios in which we might find that the Parole Board improperly considered race in making its determination, there is no evidence that any such impropriety occurred in the present case. In the absence of any evidence showing that the Parole Board improperly took into account Mack's race or his victim's status, we find that no error occurred. Therefore, even if the dismissal of Mack's case were not being affirmed on other grounds, we note that nothing in the record indicates that Mack's constitutional rights have been violated.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
*78 KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Mack was convicted in Hinds County and was serving his sentence at the Jefferson County Regional Correctional Facility at the time of his petition.