976 So.2d 973 (2008)
Edward James HOPSON a/k/a Edward J. Hopson, Appellant
v.
MISSISSIPPI STATE PAROLE BOARD, Appellee.
No. 2007-CP-00643-COA.
Court of Appeals of Mississippi.
March 11, 2008.
*974 Edward James Hopson, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Edward James Hopson, a state inmate in the custody of the Mississippi Department of Corrections (MDOC), appeals the Mississippi State Parole Board's dismissal of his motion to show cause regarding the evidence supporting the denial of his parole. Hopson alleges he was denied parole, in part, due to reliance by the parole board on allegedly false information. After the denial, Hopson filed a complaint against the Mississippi State Parole Board (parole board) in the Circuit Court of Sunflower County. Hopson asked the circuit court, in a petition to show cause, to review the denial of his parole and alleged that the parole board committed perjury when it denied him parole. Hopson also claimed the parole board used false information and unsupported claims to deny his parole. The circuit court dismissed his appeal, finding that the parole board is given complete discretion when determining whether or not to award parole status. The circuit court further found that there was no evidence of a constitutional violation since there is no constitutionally recognized liberty interest in parole. Scales v. Miss. State Parole Bd., 831 F.2d 565, 566 (5th Cir.1987). The circuit court ultimately found that there was no reason to review the actions of the parole board and dismissed Hopson's petition to show cause. Hopson now seeks review of the circuit court's decision and requests that the parole board be compelled to show evidentiary support for its denial of his parole.

FACTS AND PROCEDURAL HISTORY
¶ 2. Hopson is an inmate, in the custody of the MDOC, who was denied parole on January 9, 2007. Hopson filed a complaint against the parole board on February 12, 2007. In his initial complaint, Hopson asked the circuit court to show cause why he was not granted parole. Hopson alleged that he was denied parole based, in part, on false information supplied to the parole board. Hopson also challenged the parole board's determination that he lacked the ability to be a law-abiding citizen.
¶ 3. In his complaint on appeal, Hopson alleges that the denial of his parole was based, in part, on false information. Hopson alleges he had no prior police or juvenile record and claimed that the parole board was incorrect in finding that he was incapable of being a law-abiding citizen. Hopson also claims that the parole board improperly considered a misdemeanor conviction in denying his parole, which he alleges had actually been dismissed. Hopson *975 alleges that his constitutional rights have been violated since the parole board relied on false information when denying him parole. Hopson alleges the parole board should have been required to produce evidence or records showing that the information they relied on in denying him parole was, in fact, accurate.
¶ 4. The State argues on appeal that the parole board, not the circuit court, has jurisdiction over parole matters; and Hopson's failure to state a viable constitutional challenge left the circuit court without jurisdiction. The State further argues that the parole board's finding that Hopson was incapable of being a law-abiding citizen is subjective in nature; thus it is impossible to prove that this finding is "false." Additionally, the State asserts that since Hopson failed to submit a copy of the parole board's action sheet, it is impossible to determine what actual reasons the parole board offered for denying Hopson parole. The State also contends that the circuit court had no authority to require the parole board to offer tangible evidence to support its parole decisions.

DISCUSSION
I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING HOPSON'S MOTION TO REVIEW THE MISSISSIPPI STATE PAROLE BOARD'S DENIAL OF PAROLE OR TO COMPEL THE PAROLE BOARD TO PRODUCE EVIDENCE TO SUPPORT THE DENIAL OF PAROLE.
¶ 5. Hopson argues that the circuit court erred in dismissing his petition to show cause regarding the evidence supporting its denial of parole. Hopson also claims that the circuit court should review the parole board's actions. In addition, Hopson complains, on appeal, that the parole board should be required to produce the tangible evidence or records on which it based its denial of Hopson's parole. Hopson also contends that he was not present at the parole hearing, which denied him parole.
¶ 6. "By statute, the Parole Board is given `absolute discretion' to determine who is entitled to parole within the boundaries of factors set forth in Miss.Code Ann. § 47-7-3." Cotton v. Miss. Parole Bd., 863 So.2d 917, 921(¶ 11) (Miss.2003). Prisoners have no constitutionally recognized liberty interest in parole. Mack v. State, 943 So.2d 73, 75(¶ 6) (Miss.Ct.App.2006). Further, Mississippi Code Annotated section 47-7-5(3) (Rev.2004) provides that: "the [parole] board shall have exclusive responsibility for the granting of parole as provided by Section 47-7-3 and 47-7-17." "This control is independent of the circuit court's sentencing authority." Cotton, 863 So.2d at 921(¶ 11) (citing Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990)).
¶ 7. The circuit court, in its dismissal of Hopson's petition to show cause, held that the parole board does, in fact, have absolute discretion to confer or deny parole, citing Scales, 831 F.2d at 566. This Court, in Johnson v. Miller, 919 So.2d 273, 276(¶ 10) (Miss.Ct.App.2005), held that to review the parole board's determinations, and therefore, the court properly dismissed the complaint declined to review the parole board's determination, finding it would be improper because the circuit court did not have jurisdiction.
¶ 8. In addition, this Court has determined that "[i]f the Parole Board is under no obligation to have the offender present at his parole hearing, it logically follows that the Board is under no obligation to disclose its file to the offender." Edmond v. Miller, 942 So.2d 203, 206(¶ 18) (Miss. Ct.App.2006). Here, Hopson complains that the parole board should be required *976 to produce tangible evidence supporting its denial of parole to him. We find no merit to his argument. Therefore, we find no error in the dismissal of Hopson's petition to show cause.
II. WHETHER THE DENIAL OF PAROLE VIOLATED HOPSON'S DUE PROCESS OR EQUAL PROTECTION RIGHTS.
¶ 9. Here, Hopson alleges that he has been denied due process under the law as a result of the denial of his parole because it was based, in part, on allegedly false information. Hopson also alleges a violation of his equal protection rights based on the parole board's alleged perjury and reliance on false information in denying him parole. The State argues that since there is no constitutionally recognized liberty interest with regard to parole, Hopson has not alleged a viable claim showing that he has been denied due process under the law. The State also argues that Hopson has failed to establish an equal protection claim.
¶ 10. We begin our review by recognizing that:
While maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive "may" rather than "shall," prisoners have "no constitutionally recognized liberty interest" in parole.
Edmond v. Hancock, 830 So.2d 658, 660(¶ 5) (Miss.Ct.App.2002) (citing Vice v. State, 679 So.2d 205, 208 (Miss.1996)). Therefore, this Court finds from its review of the record that Hopson has failed to show that his due process rights have been violated by the parole board's actions.
¶ 11. Hopson also alleges that his equal protection rights have been violated by the parole board's actions. In Associated Press v. Bost, 656 So.2d 113, 117 (Miss.1995) (quoting Rias v. Henderson, 342 So.2d 737, 738-39 (Miss.1977) (citations omitted)), the Mississippi Supreme Court held that in considering whether there has been a violation of equal protection rights, we must determine the following:
In determining whether a statute is violative of the equal protection clause, we have stated:
the United States Supreme Court has traditionally employed two standards of review. (1) In the general field of social and economic legislation, the Court has developed . . . the rational basis test. Under this test a statute is presumed to be constitutional and will not be set aside as long as it is aimed at a permissible legislative purpose and as long as it is based on some rational justification to achieve the purpose intended. (2) Where, however, legislation seeks to make certain classifications, most notably on the basis of race, these classifications are immediately suspect. The presumption of validity disappears and applying rigid scrutiny, the state is placed under a heavy burden to show a compelling state interest in justifying the classification.
¶ 12. We find that Mississippi Code Annotated section 47-7-3 is neutral on its face and contains no language separating individuals based on suspect classifications. While race is a suspect class entitled to strict scrutiny, Hopson has failed to show evidence either in his petition or in the record that establishes that he suffered any equal protection violation by the application *977 of the statute based on a suspect classification. Id. Thus, we find no merit in his argument and affirm the ruling of the circuit court.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING HOPSON'S PETITION TO SHOW CAUSE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.