KING, C.J.,
 

 for the Court:
 

 ¶ 1. Arvin Dale Roehell appeals the dismissal of his complaint against the Mississippi State Parole Board (Parole Board), Governor Haley Barbour, and the Mississippi state legislators (hereinafter collectively referred to as “the State”) in which he requested the interpretation of parole statutes, claimed that these statutes were unconstitutional, and alleged that the Parole Board arbitrarily denied him parole. Roehell raises five issues on appeal for this Court’s consideration:
 

 I. Pursuant to Mississippi Code Annotated section 47-7-5(1) (Supp.2009), how
 
 *481
 
 many members are required to constitute the Parole Board;
 

 II. Is there a limit on how many times a violent offender can be denied parole, and is the absence of such a limit unconstitutional;
 

 III. Pursuant to Mississippi Code Annotated section 47-7-3(3) (Supp.2009), what is the legislative intent behind requiring the parole board to, within the first ninety days of incarceration, predict the length of incarceration necessary before the offender can be successfully paroled;
 

 IV. Does the Legislature intend for an offender to be denied parole based on erroneous information contained in his parole file; and why are there not any procedures to allow an offender to correct erroneous information in his file; and
 

 V. Whether the trial court erred by denying Rochell’s motion for a preliminary injunction, requesting that he receive a new parole hearing.
 

 Finding no error in the trial court’s dismissal of Rochell’s case, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On January 11, 1994, Rochell pleaded guilty in the Circuit Court of Calhoun County to charges of murder and arson. He was sentenced to serve life for murder, and he was sentenced to serve twenty years for arson. The sentences were ordered to run concurrently in the custody of the Mississippi Department of Corrections.
 
 [1]
 

 ¶ 3. In 2006, Rochell filed a complaint against the State in the United States District Court for the Southern District of Mississippi. Rochell later filed a motion asking the district court to transfer his case to state court or, alternatively, to dismiss his case without prejudice so that he might pursue his claims in state court. On December 18, 2006, the district court dismissed Rochell’s case without prejudice.
 

 ¶ 4. Thereafter, on January 5, 2007, Roc-hell filed a complaint against the State in the Circuit Court of Hinds County, asking the trial court to interpret parole statutes and to determine whether the statutes are unconstitutional. Rochell also filed a motion for a preliminary injunction on May 24, 2007. In this motion, Rochell alleged that members of the Parole Board wrongfully asked him questions about the pending litigation during an April 13, 2007, parole hearing and arbitrarily denied him parole.
 

 ¶ 5. The State filed an answer to the complaint and to the motion for a preliminary injunction and argued that Rochell failed to state a claim upon which relief could be granted and denied Rochell’s allegations of improper questioning during the parole hearing. The State asserted that Rochell was denied parole during the April 13, 2007, parole hearing based on the serious nature of his offense, the number of offenses committed, his police record, community opposition, and insufficient time served.
 

 ¶ 6. On November 19, 2008, the trial court issued an order dismissing Rochell’s complaint with prejudice. Aggrieved, Roc-hell timely filed his notice of appeal.
 

 ANALYSIS
 

 ¶ 7. On appeal, this Court reviews the trial court’s dismissal of a lawsuit based on a question of law under a de novo standard of review.
 
 See Horton v. Epps,
 
 20 So.3d 24, 27 (¶ 5) (Miss.Ct.App.2009).
 

 
 *482
 
 I. Jurisdiction
 

 ¶ 8. Rochell requests that this Court interpret parole statutes, determine whether these statutes are unconstitutional, and determine whether the Parole Board arbitrarily denied him parole. Conversely, the State argues that the trial court properly dismissed Rochell’s case based on lack of jurisdiction. We will first address the argument regarding jurisdiction.
 

 ¶ 9. The law is clear that “parole eligibility is a matter of legislative grace, and the grant or denial of parole is entirely at the discretion of the Parole Board.”
 
 Garlotte v. State,
 
 915 So.2d 460, 466 (¶ 19) (Miss.Ct.App.2005) (citing
 
 Shanks v. State,
 
 672 So.2d 1207, 1208 (Miss.1996));
 
 see
 
 Miss.Code Ann. § 47-7-5(3) (Supp.2009). Thus, an inmate has no absolute entitlement to parole.
 
 See Edmond v. Hancock, 830
 
 So.2d 658, 660 (¶ 5) (Miss.Ct.App.2002) (finding that inmates do not have a constitutionally recognized liberty interest in parole). Additionally, there is no statutory right of appeal from the denial of parole.
 
 Mack v. State,
 
 943 So.2d 73, 76 (¶ 8) (Miss.Ct.App.2006) (citing
 
 Cotton v. Miss. Parole Bd.,
 
 863 So.2d 917, 921 (¶ 10) (Miss.2003)). However, the trial court may assert jurisdiction over those claims which raise constitutional issues.
 
 Id.
 

 ¶ 10. Rochell asked the trial court to interpret parole statutes, alleged that the Parole Board violated the statutes, and he claimed that the parole statutes were unconstitutional. First, Rochell asked the trial court how many members are required to constitute the Parole Board under section 47-7-5(1). He also argued that all five members of the Parole Board should have been present at his hearing, where he states that only three board members were present. At the least, this Court can acknowledge that section 47-7-5(1) provides that the Parole Board shall be composed of five members. Additionally, Mississippi Code Annotated section 47-7-13 (Rev. 2004) provides, in pertinent part, that: “A majority of the board shall constitute a quorum for the transaction of all business. A decision to parole an offender convicted of murder or a sex-related crime shall require the affirmative vote of three (3) members.” Thus, the Parole Board was in compliance with the statute.
 

 ¶ 11. Second, Rochell argued that the Parole Board should have limits on how many times that they can deny an inmate parole, and the absence of such a limit is unconstitutional. Third, Rochell asked the trial court to determine the legislative intent of section 47-7-3(3), and he argued that he could not have a fair and impartial hearing before the Parole Board because the Parole Board predetermines his length of incarceration.
 
 [2]
 
 Last, Rochell asked the trial court whether the Legislature intended for an offender to be denied parole based on erroneous information contained in his parole file; he asked why there were
 
 *483
 
 not any procedures in place for offenders to correct erroneous information; and he argued that he should be allowed to correct false information in his parole file. In answer to the complaint, the State maintained that it was previously aware of what Rochell perceived to be erroneous information in his file, and it had access to his explanation.
 

 ¶ 12. We find that Rochell’s concerns fail to state a constitutional claim sufficient for the trial court to assert jurisdiction.
 
 See Mack,
 
 943 So.2d at 76 (¶ 8)(finding that nothing in the complaint “rose to the level of a judicable constitutional issue”) (citing
 
 Vice v. State,
 
 679 So.2d 205, 208 (Miss.1996)). Because the trial court lacked jurisdiction to consider Rochell’s claims, we find that the trial court did not err by dismissing Rochell’s complaint.
 

 II. Motion for Preliminary Injunction
 

 ¶ 13. As previously mentioned, Rochell filed a motion for a preliminary injunction against the Parole Board during the litigation. In this motion, Rochell argued that the Parole Board violated his Fourteenth Amendment rights by arbitrarily denying him parole in retaliation for this lawsuit. On appeal, this Court must consider Rochell’s equal protection argument under a rational basis standard of review.
 
 Justus v. State,
 
 750 So.2d 1277, 1279 (¶ 5) (Miss.Ct.App.1999). Therefore, the denial of parole will be upheld “if there is any ‘conceivable basis which might support the action.’ ”
 
 Id.
 
 (quoting
 
 Heller v. Doe ex rel. Doe,
 
 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)).
 

 ¶ 14. Based on our review of the record, the Parole Board denied Rochell parole based on the following: (1) the serious nature of the offense, (2) the number of offenses committed, (3) his police record, (4) community opposition, and (5) insufficient time served. As we held in
 
 Justus,
 
 the reasons stated by the Parole Board for denying Rochell parole are areas which the Parole Board has authority to consider under Mississippi Code Annotated section 47-7-17 (Rev. 2004).
 
 Id.
 
 at (¶ 6). Thus, “these categories cannot be viewed as arbitrary and capricious.”
 
 Id.
 

 ¶ 15. We cannot find anything in the record to support Rochell’s claim that the Parole Board arbitrarily denied him parole in violation of any Fourteenth Amendment right. Thus, we find that the trial court did not err by denying Rochell’s motion for a preliminary injunction. This issue is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 .
 
 See Rochell v. State,
 
 913 So.2d 993, 993 (¶ 1) (Miss.Ct.App.2005).
 

 [2]
 

 . Section 47-7-3(3) (Supp.2009) provides that:
 

 The State Parole Board shall, by rules and regulations, establish a method of determining a tentative parole hearing date for each eligible offender taken into the custody of the Department of Corrections. The tentative parole hearing date shall be determined within ninety (90) days after the department has assumed custody of the offender. Such tentative parole hearing date shall be calculated by a formula taking into account the offender's age upon first commitment, number of prior incarcerations, prior probation or parole failures, the severity and the violence of the offense committed, employment history, whether the offender served in the United States Armed Forces and has an honorable discharge, and other criteria which in the opinion of the board tend to validly and reliably predict the length of incarceration necessary before the offender can be successfully paroled.