MYERS, P. J„
 

 for the Court:
 

 ¶ 1. Dondrá Hamilton pleaded guilty pursuant to plea agreement in the Circuit Court of Lee County to one count of sale of cocaine and one count of possession of more than two grams of cocaine with intent to sell, within 1,500 feet of a church. The charges stemmed from separate events in May and September 2006, respectively. Following the agreed recommendation, the circuit court sentenced Hamilton to sixty years’ imprisonment on the possession charge and thirty years on the sale charge. All but ten years of each sentence was suspended, and the sentences were ordered to run concurrently.
 

 ¶2. On May 4, 2009, Hamilton timely filed a motion for post-conviction relief (PCR). In the motion, he alleged: (1) there were various due process violations; (2) the indictments were defective; (3) his sentences were grossly disproportionate and were affected by an ex post facto statute; and (4) he received ineffective assistance of counsel. The circuit court dismissed Hamilton’s PCR motion without an evidentiary hearing. Hamilton now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 3. A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss. Code Ann. § 99-39-11(2) (Supp.2009). “On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009) (internal quotations omitted). This Court reviews the dismissal of a PCR motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201 (¶ 3) (Miss.Ct.App.2005). But we will reverse and remand for a hearing if the movant has “alleged facts which require further inquiry in the expanded setting of an evidentiary hearing.”
 
 Mitchener v. State,
 
 964 So.2d 1188, 1192-93 (¶ 10) (Miss.Ct.App.2007) (quoting
 
 Jones v. State,
 
 949 So.2d 872, 873 (¶ 3) (Miss.Ct.App.2007)).
 

 DISCUSSION
 

 1. Due Process
 

 ¶ 4. Hamilton presents several allegations relating to his arrest and subsequent decision to plead guilty. Among other things, he alleges that his possession-with-intent charge stems from an incident where he lent his automobile to a girlfriend. According to Hamilton, the cocaine was discovered in his vehicle as she was returning it. Hamilton was never in the vehicle with the drugs. Despite this, he “took the charge” to protect his girlfriend after the investigating officers threatened to prosecute her for the cocaine.
 

 ¶ 5. Hamilton also claims that the vehicle was wrongfully searched without a warrant and that he was interrogated without receiving
 
 Miranda
 
 warnings. He also avers that neither he nor the vehicle was within 1,500 feet of a church when the cocaine was discovered.
 

 ¶ 6. We agree with the circuit court that Hamilton waived these objections by pleading guilty. “The Mississippi Supreme Court has recognized that a valid guilty plea operates as a waiver of all non-
 
 *1064
 
 jurisdictional rights or defects which are incident to trial.”
 
 Davis v. State,
 
 954 So.2d 530, 532 (¶ 8) (Miss.Ct.App.2007) (internal quotation omitted) (quoting
 
 Rowe v. State,
 
 735 So.2d 399, 400 (¶4) (Miss.1999)). The United States Supreme Court has likewise held:
 

 A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
 

 Parkman v. State,
 
 953 So.2d 315, 318 (¶ 13) (Miss.Ct.App.2007) (quoting
 
 Tollett v. Henderson,
 
 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)).
 

 ¶ 7. All of the rights Hamilton asserts were violated are non-jurisdictional and thus were waived by his guilty plea. During the plea colloquy, Hamilton stated that he understood that by pleading guilty, he was waiving various rights. The circuit court explained each of these rights to Hamilton. Included were his rights to testify, to offer evidence in his defense, and to make the State prove every element of each offense at trial. Moreover, Hamilton admitted that he had committed both of the charged offenses, and he stated twice under oath that he had not been induced to plead guilty by threats or promises. This issue is without merit.
 

 2. Defective Indictment
 

 ¶ 8. Hamilton argues in his second issue that the indictments were defective. In his original PCR motion, Hamilton appeared to argue that one or both of the indictments failed to allege “the essential facts constituting the offense[s] charged and ... fully notify the defendant of the nature and cause of the accusation.”
 
 See URGGG
 
 7.06. But Hamilton offered the circuit court no explanation of what essential facts either indictment had failed to allege — or any specific discussion of his indictments whatsoever. On appeal, Hamilton did not raise the issue at all in his principal brief, but he offered further elaboration in his reply brief. There, he appears to argue his indictment for possession of cocaine with intent to distribute lacked the essential element that Hamilton did so “knowingly or intentionally.”
 

 ¶ 9. We find this issue proeedurally barred because Hamilton failed to raise it in his principal brief on appeal.
 
 Sanders v. State,
 
 678 So.2d 663, 669-70 (Miss.1996) (“We will not consider issues raised for the first time in an appellant’s reply brief.”) (citations omitted).
 

 ¶ 10. Without waiving the procedural bar, we also find this argument without merit. A valid guilty plea operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.
 
 Reeder v. State,
 
 783 So.2d 711, 720 (¶ 36) (Miss.2001). Aside from constitutional issues, “there are two exceptions where a voluntary guilty plea does not waive a defect: (1) if an indictment fails to charge an essential element of the crime, or (2) the court has no subject matter jurisdiction.”
 
 Hunt v. State,
 
 11 So.3d 764, 768 (¶ 10) (Miss.Ct.App.2009) (citing
 
 Kincaid v. State,
 
 711 So.2d 873, 877 (¶ 20) (Miss.1998)). After reviewing the indictments, we find them sufficient. Hamilton’s only specific allegation — that the indictment for possession of cocaine with intent to distribute failed to allege that he “knowingly or intentionally” did so — is without merit. The indictment alleges that Hamilton had “wilfully, unlawfully, and feloniously” committed the offense. This is, in substance, the same as an allegation that the act was “knowingly or in
 
 *1065
 
 telligently” committed.
 
 See Boyd v. State,
 
 977 So.2d 329, 335 (¶22) (Miss.2008) (“An act ‘willfully1 done is an act ‘knowingly5 and ‘intentionally5 done.55) (citing
 
 Moore v. State,
 
 676 So.2d 244, 246 (Miss.1996)). This issue is procedurally barred and without merit.
 

 3. Ex Post Facto Sentencing; Cruel and Unusual Punishment
 

 ¶ 11. Hamilton next argues that he was subjected to an ex post facto sentence enhancement and that his sentences are grossly disproportionate to the offenses committed.
 

 ¶ 12. Hamilton’s ex post facto argument is not easily summarized. In his original PCR motion, Hamilton appears to argue that he has been illegally subjected to a recent amendment of Mississippi Code Annotated section 47-7-3 (Supp.2009). The 2008 amendment — also known as Senate Bill 2136 — requires certain prisoners to serve only 25% of a sentence before being considered for release on parole, relaxing the prior requirement that 85% be served. Although Hamilton recited the allegation of an ex post facto sentence in his brief on appeal, he did not support it with argument or citation to authority. This issue is therefore procedurally barred.
 

 ¶ 13. Notwithstanding the procedural bar, the ex post facto argument is also without merit. Whether Hamilton benefit-ted from the 2008 amendment is unclear, but even if he did not, it could not have enhanced or increased the severity of his sentence.
 
 Holloway v. State,
 
 31 So.3d 656, 658 (¶¶ 8-9) (Miss.Ct.App.2010) (addressing a similar argument based on Senate Bill 2136). Certainly, the Legislature is not required to relax the punishment for all offenders in order to be lenient on some, as Hamilton seems to suggest. This argument is procedurally barred and without merit.
 

 ¶ 14. Hamilton also argues that his sentences were grossly disproportionate to the offenses he committed. Hamilton was sentenced to thirty years for the sale of cocaine and to sixty years for the possession of greater than two grams of cocaine with the intent to distribute, within 1,500 feet of a church. All but ten years of each sentence was suspended, and the sentences were ordered to run concurrently.
 

 ¶ 15. Hamilton did not make the proportionality argument with any specificity in his original PCR motion; it is substantively raised for the first time on appeal. The issue is therefore procedurally barred. “A trial judge cannot be put in error on a matter which was not presented to him for decision.”
 
 Ponder v. State,
 
 335 So.2d 885, 886 (Miss.1976). We find an additional procedural bar because Hamilton failed to take a direct appeal from his sentence. At the time that Hamilton pleaded guilty, section 99-35-101 of the Mississippi Code Annotated (Rev.2007) denied an appeal from the circuit court to the supreme court “in any case where the defendant enters a plea of guilty.”
 
 [1]
 
 However, this section was not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea.
 
 See Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989) (“an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself5). “[T]he failure to raise sentencing issues on direct appeal bars consideration of the issues in [proceedings for]
 
 *1066
 
 post-conviction relief.”
 
 Dennis v. State,
 
 873 So.2d 1045, 1049 (¶ 13) (Miss.Ct.App.2004).
 

 ¶ 16. Without waiving the procedural bars, the proportionality argument is also without merit. The supreme court has held that “where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual.”
 
 Gray v. State,
 
 926 So.2d 961, 979 (¶63) (Miss.Ct.App.2006) (quoting
 
 Tate v. State,
 
 912 So.2d 919, 933 (¶48) (Miss.2005)). Nonetheless, where the sentence is grossly disproportionate to the crime committed, it may violate the Eighth Amendment prohibition on cruel and unusual punishment.
 
 Id.
 
 “The three factors to look at when determining whether a sentence is proportional are: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.”
 
 Id.
 
 (citation and internal quotations omitted). Hamilton’s sentences are within the statutory limits, and he has made no effort to substantiate his argument through the disproportionality analysis. This issue is procedurally barred and without merit.
 

 4. Ineffective Assistance of Counsel
 

 ¶ 17. In his PCR motion before the trial court, Hamilton made a bare allegation that he had received constitutionally ineffective assistance of counsel. But he provided no elaboration or explanation of how his counsel had been ineffective or how he had been prejudiced by counsel’s mistakes. Moreover, he does not raise the issue in his principal brief on appeal. The ineffective assistance of counsel issue is therefore procedurally barred.
 

 ¶ 18. In his reply brief on appeal, Hamilton alleges that his attorney failed to interview witnesses who would have corroborated his account of the events as we have detailed it in the first issue. Hamilton argues that the charges would have been dismissed had this been done. Hamilton also alleges that his attorney failed to communicate a plea bargain offer to him. He does not state when the offer was made, what its terms were, or how he has since learned of it. But had this offer been communicated, Hamilton argues, he would have received a more lenient sentence recommendation than the one he ultimately accepted.
 

 ¶ 19. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)). The burden of proof for both prongs rests with the defendant.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990).
 

 ¶ 20. Without waiving the procedural bar, this issue is without merit. Hamilton has failed to support this issue except through his own allegations. The supreme court has held that, in cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 5. Evidentiary Hearing; Conclusion
 

 ¶ 21. On appeal, Hamilton urges that his PCR motion should be remanded
 
 *1067
 
 to the circuit court for an evidentiary hearing. But to be entitled to an evidentiary hearing, “a petitioner must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the petitioner, would warrant relief.”
 
 McCuiston v. State,
 
 758 So.2d 1082, 1085 (¶ 9) (Miss.Ct.App.2000). This may not be accomplished through Hamilton’s own unsupported allegations.
 
 Id.
 
 We find no abuse of discretion in the circuit court’s dismissal of Hamilton’s PCR motion without an evidentiary hearing.
 

 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Section 99-35-101 of the Mississippi Code Annotated has been amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2009).