CARLTON, J.,
dissenting:
¶26. I respectfully dissent from the majority’s decision. I would dismiss Man-gum’s habeas corpus petition for lack of jurisdiction due to his failure to state a claim upon which relief could be granted.[3] Mangum failed to raise a constitutional claim of discrimination sufficiently, and Mangum possessed no right of appeal of a decision of the Mississippi Parole Board (Board) to the circuit court.
¶ 27. With respect to the sufficiency of the constitutional claim, the record reflects Mangum failed to state a sufficient claim for relief based upon racial discrimination. I respectfully submit that the cases of Rochell v. State, 36 So.3d 479 (Miss.Ct. App.2010), Hopson v. Mississippi State Parole Board, 976 So.2d 973 (Miss.Ct.App. 2008), and Mack v. State, 943 So.2d 73 (Miss.Ct.App.2006) provide controlling guidance to the resolution of the case before us.
¶ 28. In Rochell, 36 So.3d at 480 (¶ 1), Arvin Dale Rochell appealed the trial court’s dismissal of his complaint in which he sought the trial court’s interpretation of the statutes concerning parole, alleged that the parole statutes were unconstitutional, and claimed that the Board arbitrarily denied him parole. The court reviewed the case and found that Rochell’s complaint failed to raise a constitutional justiciable issue sufficient for the trial court to assert jurisdiction. Id. at 483 (¶ 12) (citing Mack, 943 So.2d at 76 (¶ 8)). See Vice v. State, 679 So.2d 205, 208 (Miss. 1996). In making its findings, the Rochell court explained:
The law is clear that “parole eligibility is a matter of legislative grace, and the grant or denial of parole is entirely at the discretion of the Parole Board.” Garlotte v. State, 915 So.2d 460, 466 (¶ 19) (Miss.Ct.App.2005) (citing Shanks v. State, 672 So.2d 1207, 1208 (Miss. 1996)); see Miss.Code Ann. § 47-7-5(3) (Supp.2009). Thus, an inmate has no absolute entitlement to parole. See Edmond v. Hancock, 830 So.2d 658, 660 (¶ 5) (Miss.Ct.App.2002) (finding that inmates do not have a constitutionally recognized liberty interest in parole). Additionally, there is no statutory right of appeal from the denial of parole. Mack v. State, 943 So.2d 73, 76 (¶8) (Miss.Ct. App.2006) (citing Cotton v. Miss. Parole Bd., 863 So.2d 917, 921 (¶ 10) (Miss. 2003)). However, the trial court may assert jurisdiction over those claims which raise constitutional issues. Id.
Rochell, 36 So.3d at 482 (¶ 9).
¶29. The trial court in the present case, much like the court in Rochell, lacks jurisdiction due to Mangum’s failure to plead a constitutional issue sufficiently. We should, therefore, remand this case to the trial court to dismiss Mangum’s petition for lack of jurisdiction. The trial court treated Mangum’s petition as a petition for post-conviction relief (PCR), and *772 the court consequently denied Mangum’s petition as a PCR petition. However, Mangum filed a pleading entitled, “Petition for Writ of Habeas Corpus or for Order to Show Cause.” In his writ of habeas corpus, Mangum argued that since the Board granted parole to one Caucasian that Man-gum alleged committed a similar violent offense, then the Board engaged in discrimination in the denial of his parole. Mangum cites no discriminatory criteria, comment, or act as a basis of his allegation of discrimination.
¶ 30. Significantly Mangum does not complain of any illegality pertaining to the conviction or the sentence that he is currently serving. Thus, the trial court improperly treated Mangum’s request for relief as falling under the purview of the PCR statutes.[4] The trial court should have dismissed Mangum’s petition for lack of jurisdiction due to his failure to state a claim.[5]
¶ 31. Furthermore, in Hopson, 976 So.2d at 975-77 (¶¶ 8-12), this Court held the Board was not required to provide tangible evidence supporting its denial of parole to an inmate, and Edward James Hopson failed to show evidence either in his petition or in the record that established he suffered any equal-protection violation. The Hopson Court provided: “Prisoners have no constitutionally recognized liberty interest in parole.” Id. at 975 (¶ 6) (citing Mack, 943 So.2d at 75 (¶ 6)). See Scales v. Miss. State Parole Bd., 831 F.2d 565, 566 (5th Cir.1987). Further, this Court, upon review of the statutes setting forth the Board’s review criteria, found the statute neutral on its face with no separation of individuals based upon suspect classifications. Hopson, 976 So.2d at 976 (¶ 12).
¶ 32. I submit this Court should take judicial notice of our prior decision in Hop-son, 976 So.2d at 976-77 (¶¶ 11-12), and its determination that a presumption of validity applies to government actions taken based upon such neutral statutes predicated upon rational purposes; and like the case before us, Hopson failed to provide *773 evidence sufficient to raise an equal-protection violation.[6]
¶38. Additionally, in Mack, 948 So.2d at 75 (¶ 7), this Court held the trial court should have dismissed Mack’s case because of his failure to name the proper parties in interest in the petition, which was in the nature of a civil suit and not a PCR petition. Id. We provided:
In McClurg, this Court found that the complaint of an inmate who filed an action regarding the calculation of his sentenced time to serve and parole eligibility was a civil action and not a petition for post-conviction relief, and therefore should have been “dismissed for failure to properly name and serve the actual parties in interest, namely the Parole Board and Department of Corrections.” McClurg [v. State], 870 So.2d [681,] 682 (¶ 6) [ (Miss.Ct.App.2004) ]. As in McClurg, the petition in the present case was filed only against the State of Mississippi, and not against the Department of Corrections or the Parole Board. Therefore, the circuit court should have dismissed the petition for Mack’s failure to file against the proper parties. As stated in Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993), we will affirm a trial courtfs judgment] where it reaches the correct result (here dismissal) even if the court’s reasoning was incorrect: “On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.” Id. (citing Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988)).
Id. at 75-76 (¶ 7). The Mack Court further found, even if the petitioner had filed against the proper parties, the circuit court would still be correct in its finding it lacked jurisdiction over this ease, stating:
“A circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefore.” Since Title 47, Chapter 7 does not contain a statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole, the circuit court was correct in dismissing the petition due, in part, to lack of jurisdiction.
Cotton v. Miss. Parole Bd., 863 So.2d 917, 921 (¶ 10) (Miss.2003) (citations omitted). The Mississippi Supreme Court went on in Cotton to recognize that “a constitutional challenge can justify the assertion of jurisdiction.” Id. at 921 (¶ 11). However, here, as in Cotton, the complaint fails to allege a constitutional violation sufficient to create jurisdiction in the circuit court. As explained in Vice v. State, 679 So.2d 205, 208 (Miss.1996) (citations omitted):
The United States Supreme Court held that while maintenance of a parole system does not, in and of itself, create a protected interest in parole, one exists only where mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. However, because the Mississippi parole statutes contain no such mandatory language, employing the permissive “may” rather than “shall,” prisoners have “no constitutionally recognized liberty interest” in parole.
Therefore, the Parole Board’s determination did not violate one of [Jerry Lee] Mack’s vested constitutional interests. *774 As noted in Cotton, “the Parole Board is given ‘absolute discretion’ to determine who is entitled to parole within the boundaries of factors set forth in Mississippi Code Annotated section 47-7-3.” Cotton, 863 So.2d at 921 (¶ 11). As in Cotton, the complaint here basically “called for the circuit court to review the board’s determinations.” Id. Nothing in the present case’s complaint rose to the level of a judicable constitutional issue. Therefore, regardless of the fact that the complaint should have been dismissed for failure to file against the proper parties, the circuit court would not have had jurisdiction even had the complaint been properly filed and served.
(¾) The Boundaries of the Board’s Discretion
In this point of error, Mack contends that the Parole Board went beyond its discretionary boundaries when it denied his application for parole. However, as noted above, the Parole Board’s discretion is “absolute.” Additionally, the Parole Board in this case based its decision on factors that are in “areas which [the Parole Board has] been given the authority to consider pursuant to Mississippi Code Annotated section 47-7-17.” Justus [v. State], 750 So.2d [1277,] 1279 (¶ 6) [Miss. Ct.App.1999].
Id. at 76-77 (¶¶ 7-9).
¶ 34. In conclusion, I respectfully dissent based upon the foregoing precedent and facts. The record shows that even if Mangum had joined the proper parties, the trial court still lacked jurisdiction for failure to state a claim upon which relief could be granted since Mangum failed to plead a constitutional issue sufficiently, and since the trial court possessed no authority to create a right of appeal from a decision of the Board.

. Mangum also failed to include the proper parties. However, even if he had included the proper parties, the trial court still lacked jurisdiction in this case.

. I pause to note that with respect to the summary denial by the trial court in this case, Mangum failed to set forth sufficient facts to state a claim for relief. However, even if the matter had fallen under the purview of the PCR statute, the trial court could properly dismiss the petition for Mangum’s failure to allege sufficient facts in support of a claim for relief. See Hamilton v. State, 44 So.3d 1060 (Miss.Ct.App.2010). In Hamilton, the court explained that a trial court may summarily dismiss a PCR motion "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Id. at 1063 (¶ 3) (quoting Miss.Code Ann. § 99-39-11(2) (Supp.2009)). "On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.” Id. (quoting Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009)). Furthermore, "[t]his Court reviews the dismissal of a PCR motion for an abuse of discretion[;][b]ut we will reverse and remand for a hearing if the movant has 'alleged facts which require further inquiry in the expanded setting of an evidentiary hearing.' ” Id. (internal citations omitted). The Hamilton court provided that a trial court need not hold an evidentiary hearing where a petitioner fails to demonstrate, by affidavit or otherwise, that unresolved issues of fact existed that, if concluded favorably to the petitioner, would warrant relief. Id. at 1067 (¶ 21) (quoting McCuiston v. State, 758 So.2d 1082, 1085 (¶ 9) (Miss.Ct.App.2000)). This Court then provided that "[t]his may not be accomplished through Hamilton's own unsupported allegations!,]” and proceeded to find no abuse of discretion in the trial court's dismissal of Hamilton's PCR motion without an evidentia-ry hearing. Id.

. The record reflects Mangum also failed to join proper parties. See M.R.C.P. 4(d)(5).

. See Heafner v. State, 947 So.2d 354, 357 (¶ 11) (recognizing parole eligibility constitutes an executive decision rather than a judicial decision). See also Miss.Code Ann. § 47-7-5(3) (Rev.2011) (stating exclusive power over granting and rendering parole rests with the Board).