LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Jimmy Harris is an inmate in the Mississippi Department of Corrections and *849 is serving a life sentence with parole eligibility. While he has been considered for parole on several occasions, he was denied each time. His most recent denial was on December 7, 2011. He appealed that denial by filing a petition for writ of habeas corpus ad subjiciendum in the Rankin County Circuit Court. The trial court dismissed the petition because it lacked jurisdiction. This appeal followed.
STANDARD OF REVIEW
¶ 2. “On appeal, this Court reviews the trial court’s dismissal of a lawsuit based on a question of law under a de novo standard of review.” Rochell v. State, 36 So.3d 479, 481 (¶ 7) (Miss.Ct.App.2010).
DISCUSSION
¶ 3. The Mississippi State Parole Board (Board) has “absolute discretion” to grant or deny parole within the parameters of Mississippi Code Annotated section 47-7-3 (Rev.2011). Cotton v. Miss. Parole Bd., 863 So.2d 917, 921 (¶ 11) (Miss.2003). Under Mississippi Code Annotated section 47-7-5(3) (Supp.2012), “[t]he [Bjoard shall have exclusive responsibility for the granting of parole as provided by [sjections 47-7-3 and 47-7-17 and shall have exclusive authority for revocation of the same.” An inmate has “‘no constitutionally recognized liberty interest’ in parole.” Edmond v. Hancock, 830 So.2d 658, 660 (¶ 5) (Miss.Ct.App.2002) (quoting Vice v. State, 679 So.2d 205, 208 (Miss.1996)). “Additionally, there is no statutory right of appeal from the denial of parole. However, the trial court may assert jurisdiction over those claims which raise constitutional issues.” Rochell, 36 So.3d at 482 (¶ 9) (internal citations omitted).
¶4. Harris claims that the trial court erred in dismissing his complaint. Specifically, he argues that his due-process rights were violated when the Board denied him parole because of his institutional disciplinary reports. Under section 47-7-5(3), the Board had absolute discretion to deny Harris parole. The trial court found that the claims Harris raised in his petition were not constitutional claims that would have given the court jurisdiction to hear the matter, and we agree. See Rochell, 36 So.3d at 483 (¶ 12). He does not argue that his fundamental rights have been violated. Because the trial court lacked jurisdiction to consider Harris’s claim, we find that the trial court did not err by dismissing Harris’s complaint.
¶ 5. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.