PROCEDURAL HISTORY AND FACTS
LEE, J.,
for the court.
¶ 1. Donnie McDonald, the appellant, was convicted of burglary and larceny and was incarcerated within the Mississippi Department of Corrections. He was transferred in 1997 to a Community Work Center where he stayed until he received a rule violation report. McDonald was then transferred to the Central Mississippi Correctional Facility in Rankin County pending disciplinary action, and was later found guilty of the discipline violation and was ordered to serve a number of days in lockdown. McDonald claims that he later went before a classification committee and was told he could return to the work center if he was not written up for a violation during the next six months. At the end of the six-month period when McDonald had remained violation-free, he sought reclassification, but he was denied such redress. The committee noticed that during the commission of McDonald’s crime, he had shown a propensity for violence, which disqualified him from eligibility in the program.
¶ 2. The three named appellees in this case are the three persons who reviewed McDonald’s grievance within the MDOC, *450 all of whom agreed with the conclusion that McDonald should not be reclassified. After exhausting his administrative remedies, McDonald filed a motion to show cause with the Greene County Circuit Court. In that motion, he asked the circuit court to show cause concerning whether he had ever been convicted of a violent crime, whether he had attended a hearing concerning this matter, whether or not prisoners in similar situations had ever returned to the work center after having received a rule violation report, among other similar requests. The circuit court reviewed McDonald’s motion and concluded that he had not shown any arbitrary or capricious action on the part of the MDOC through the Administrative Remedy Program’s review process; thus, the motion was denied.
¶ 3. On appeal to this Court, McDonald argues he was not given a chance to cross-examine witnesses at the alleged hearing on this matter and that the trial court erred in failing to order an expansion of the record. We review McDonald’s arguments and find no merit and affirm the trial court.
DISCUSSION OF THE ISSUES
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT MCDONALD THE OPPORTUNITY TO CROSS-EXAMINE WITNESSES?
¶ 4. We first look to our standard of review of administrative bodies. “The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Edwards v. Booker, 796 So.2d 991(¶ 10) (Miss.2001).
¶ 5. McDonald argues with this issue that he was denied his Sixth Amendment right to confront his accusers and witnesses against him. The supreme court has recognized that the right to confront one’s accusers only attaches when a criminal prosecution begins. See Singing River Elec. Power Ass’n. v. State, 693 So.2d 368, 372 (Miss.1997). Here, McDonald was not being accused of any crime, but was a part of administrative procedures concerning his inmate classification. Thus, no such right to confront attached.
¶ 6. McDonald also argues that the statement of Florence Jones, Assistant Director of Offender Services at South Mississippi Correctional Institute, was unfounded and prejudicial. With the first step in the administrative review process, the classification committee reviewed McDonald’s request to be reclassified to the work center. Jones’s note on the “first step response form” informed McDonald that his crime was violent. The committee determined that the potential for violence existed. A month later, Superintendent David Turner completed a “second step response form” and therein arrived at the same conclusion as did Jones. The next step was for the grievance to go before Commissioner Robert Johnson. In the “third step response form,” Commissioner Johnson noted that the classification committee used the following factors in determining that McDonald should not return to the work center classification: risk, length of sentence, offense, nature of offense, number of convictions, institutional behavior, and psychological evaluation. Whether or not the conclusion stated by both Director Jones and Superintendent Turner concerning potential for violence was a proper reason to deny McDonald’s request, Commissioner Johnson acknowledged the aforementioned factors in reviewing the prior decisions and agreed with the prior holdings, adding that Me- *451 Donald would be periodically reviewed for possible upgrade in custody.
¶ 7. Regarding the facts in McDonald’s case as they apply to the aforementioned factors considered by the classification committee, we note that McDonald is a habitual offender convicted and incarcerated for two burglary convictions, that he received a rule violation report because he tested positive for marijuana, and that during the commission of one of the burglaries McDonald exhibited the potential for violence. The committee elected not to grant his request for reclassification.
¶ 8. McDonald must remember that inmates have neither a property nor liberty interest in any particular housing assignment or custodial classification under the United States Constitution or Mississippi law. See Sandin v. Conner, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Carson v. Hargett, 689 So.2d 753, 754-55 (Miss.1996). McDonald was afforded all of the administrative remedies available to prisoners, as well as afforded review by a circuit court judge and by this Court. He has not been denied a right to express his grievance and to have it thoroughly reviewed by the appropriate agencies. Since McDonald has failed to show any arbitrary or capricious acts on the part of the agency, we find no error with this issue.
II. DID THE TRIAL COURT ERR IN FAILING TO ORDER AN EXPANSION OF THE RECORD?
¶ 9. With his second issue, McDonald argues that since his motion was not summarily dismissed, the trial court should have directed the parties to provide additional material relevant to assessing the merits of the motion. He argues that the three response forms evidence bias on the part of each person completing the form, which left him without opportunity to present issues to the trial court which could have made a difference in the outcome of the proceedings on appeal.
¶ 10. We review each of the three forms and can find no evidence of prejudice, only observing statements concerning findings of the committee and each person’s consent and concurrence to the findings of the previous reports. “Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.” Miss.Code Ann. § 47-5-807 (Rev.2000). McDonald appealed to the trial court and, thus, subjected his case to the discretion of the judge to determine whether substantial evidence existed in support of the administrative agency’s decision, to determine whether the decision was arbitrary or capricious or beyond the agency’s scope of powers, or whether the decision violated McDonald’s constitutional or statutory rights. Edwards, 796 So.2d at (¶ 10). The appellees point out that McDonald never filed a motion to expand the record, and that with this issue he was apparently referring to the appellees’s response to McDonald’s motion to show cause.
¶ 11. We find that McDonald has failed to show that the trial court abused its discretion in fading to order an expansion of the record when such call was neither requested nor shown to be necessary in this situation. The MDOC offered legitimate, fact-based reasons for denying McDonald’s reclassification, and the MDOC followed the administrative measures in place to ensure McDonald received proper review of his grievance. We find no error with this issue.
¶ 12. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS AP *452 PEAL ARE TAXED TO GREENE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.