878 So.2d 223 (2004)
Victor HURNS, Appellant
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al., Appellees.
No. 2002-CP-01895-COA.
Court of Appeals of Mississippi.
March 2, 2004.
Rehearing Denied May 4, 2004.
Certiorari Denied July 22, 2004.
*224 Victor Hurns, appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
KING, P.J., for the Court.
¶ 1. Victor Hurns filed a grievance with the Mississippi Department of Corrections (the MDOC) Administrative Remedy Program, pursuant to Mississippi Code Annotated Sections 47-5-801 through 47-5-807 (Rev.2000), asserting that his prisoner status was wrongfully reclassified. The grievance was denied, and he sought judicial review by filing an action under 42 United States Code Section 1983 in the Sunflower County Circuit Court. The circuit court dismissed the action. Hurns appeals to this Court asserting: (1) the circuit court abused its discretion by making erroneous factual findings, (2) the circuit court abused its discretion in applying an incorrect legal standard, (3) the circuit court abused its discretion by adding factual allegations to his complaint, (4) circuit court erred in basing its decision on erroneous legal conclusions, (5) the MDOC violated his rights secured under the First Amendment to the United States Constitution, (6) the MDOC violated his rights secured under the Fifth Amendment to the United States Constitution, (7) the MDOC denied him a fair and impartial grievance hearing, (8) the MDOC violated its own administrative policies, (9) whether the administrative decision was arbitrary and capricious, (10) the MDOC violated his rights secured under the Fourteenth Amendment to the United States Constitution, and (11) the MDOC regulations were violated by holding him beyond a 180 day limitation. Finding no error, we affirm.

FACTS
¶ 2. Hurns is an habitual offender serving a sentence of life imprisonment for murder. In December of 2001, Hurns was identified as a "leader" in a gang called the "gangster disciples." He was placed in administrative segregation, and was transferred from a maximum security unit to a security threat management unit. Hurns appeared before a MDOC classification committee, which changed his inmate status from C custody to a more restrictive D custody status, which led to this appeal.

DISCUSSION

1. ERRONEOUS FACTUAL FINDINGS
¶ 3. The circuit court's order stated that Hurns was initially placed in *225 administrative segregation pending an investigation on October 4, 2001, but the correct date was December 4, 2001. Additionally the circuit court's order stated that Hurns was reclassified to D custody status on December 4, 2001, but the correct date was December 6, 2001. Typographical errors in orders may be corrected upon proper motion by an aggrieved party. See, e.g., Lee v. Coahoma County, Mississippi, 37 F.3d 1068, 1069 (5th Cir.1993); Britt v. Whitmire, 956 F.2d 509, 512 (5th Cir.1992). If an error in an order or judgment is such that it can be plainly seen to be a typographical error that did not effect the law or facts applied to a case, it is not grounds to reverse. See, e.g., Bower v. Bower, 758 So.2d 405 (¶ 19) (Miss.2000). The record shows that the specific dates the circuit court referred to had no bearing on its adjudication. In fact, logically it would seem that if the circuit court had found that Hurns was placed in a more restrictive environment two months prior to any review by the classification committee, Hurns case of showing an arbitrary or capricious decision would be furthered. We find no merit to this issue.

2. THE CIRCUIT COURT APPLIED AN INCORRECT LEGAL STANDARD
¶ 4. The circuit court found there was no cause of action stated under the Fourteenth Amendment to the United States Constitution. The circuit court applied the correct law to this claim. See, e.g., Carson v. Hargett, 689 So.2d 753, 754 (1996). "Inmates have neither a property nor liberty interest in any particular housing assignment or custodial classification under the United States Constitution or Mississippi law." McDonald v. Jones, 816 So.2d 448(¶ 8) (Miss.Ct.App.2002). Any due process claim must arise from the MDOC's own misapplication of reasonable prisoner classification regulations. Id. In this case, the allegations and attached documents in this case do not support an arbitrary or capacious finding.
¶ 5. Upon appeal, Hurns argues that he asserted this claim of arbitrary and capricious action under the Eighth Amendment to the United States Constitution. The law is clear that a prisoner's Eighth Amendment rights are only infringed upon by "extreme deprivation" outside the normal bounds of society. Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir.1998). Hurns asserts nothing that could possibly rise to such a level. Therefore, it is clear no colorable claim was raised.

3. THE CIRCUIT COURT ERRED IN ADDING FACTUAL ALLEGATION TO THE COMPLAINT
¶ 6. Hurns contends that the circuit court erred in stating that he asserted a due process claim in contending that his "liberty" interests were infringed upon. The circuit court made no such statement. The circuit court's order stated, "Prisoners have no constitutionally protected liberty or property interest per se in their classification under the due process clause." This sentence correctly states the law applicable to the case. See Sandin v. Conner, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). There is no merit to this assignment of error.

4. THE CIRCUIT COURT RELIED ON ERRONEOUS LEGAL CONCLUSIONS
¶ 7. The substance of this issue is addressed in issue two. Hurns' prisoner classification gives rise to no justiciable constitutional claims. Carson, 689 So.2d at 754; Davis v. Scott, 157 F.3d at 1006. There is no merit to this assignment of error.

*226 5. THE CIRCUIT COURT ERRED IN DISMISSING A FIRST AMENDMENT CLAIM
¶ 8. Hurns asserted that the more restrictive custody status infringed upon his rights arising under the First Amendment to the United States Constitution. While the circuit court's order failed to state a specific finding on this claim, it seems clear the circuit court found no merit to it. A prisoner's first amendment rights may be restricted pursuant to legitimate prisoner classification. Thompson v. Patteson, 985 F.2d 202, 206 (5th Cir.1993). Absent a showing of arbitrariness in classification, no First Amendment claim arose. Id. As Hurns failed to assert facts supporting such a showing, no issue of any merit could arise. There is no merit to this assignment of error.

6. THE CIRCUIT COURT ERRED IN DISMISSING A FIFTH AMENDMENT CLAIM
¶ 9. Hurns contends that other prisoners were transferred from his custody status back to a less restrictive custody status, while he was not reclassified. This is an issue which arose after reclassification, with no indication that it was properly presented for administrative relief. It is therefore not properly before this Court. Miss Code Ann. Section 47-5-803(2) (Rev.2000). Nor was it presented to the trial court and is therefore procedurally barred. Douglas v. Blackmon, 759 So.2d 1217, 1220 (Miss.2000).

7. WHETHER MDOC CONDUCTED A FAIR AND IMPARTIAL HEARING
¶ 10. Hurns argued that the MDOC acted arbitrarily and/or capriciously in changing his custody status. However, as previously discussed, there is no evidence to support such a finding. Hurns' sole contention is that a high level prison official was necessarily biased against him simply because of his employment with the MDOC. This allegation is insufficient to support a claim arising from prisoner classification. See, e.g., McDonald, 816 So.2d at (¶ 6). There is no merit to this assignment of error.

8, 9. MDOC VIOLATED ITS OWN ADMINISTRATIVE PROCEDURES
¶ 11. In issues 8 and 9, Hurns asserted that the MDOC failed to present evidence adequate to support his reclassification, and therefore acted arbitrarily and/or capriciously in reclassifying his custody status. However, his own pleadings admit that an administrative hearing was held, that an investigation was conducted, and that relevant evidence was presented at the hearing. Nothing exists to show that the MDOC failed to routinely act pursuant to its regulations. This procedure is all that was due. See, e.g., McDonald, 816 So.2d at (¶ 6).

10. FOURTEENTH AMENDMENT
¶ 12. This matter was addressed in issue two, and is without merit.

11. THE MDOC REGULATIONS WERE VIOLATED IN HOLDING HURNS BEYOND A 180 DAY LIMITATION
¶ 13. Hurns asserts that he was placed in administrative segregation, without review by an MDOC classification committee and administrative review, in excess of 180 days. His brief before this Court appears to contradict this assertion. Nevertheless, this assertion was not raised in an administrative review, nor brought before the circuit court, and as such is not reviewable by this Court. See Miss.Code Ann. § 47-5-807 (Rev.2000). This issue is without merit.
*227 ¶ 14. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE APPEAL OF GRIEVANCE COMPLAINT IS AFFIRMED. THE APPELLANT IS ASSESSED ALL COSTS OF THIS APPEAL.
SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.