## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2012-CP-02032-COA

**CRAIG STEVEN BENTRUP A/K/A CRAIG BENTRUP**                     **APPELLANT**

**v.**

**CHRISTOPHER EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS**                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/09/2012 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CRAIG STEVE BENTRUP (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | MOTION FOR RECUSAL OF TRIAL JUDGE DENIED; MOTION FOR PRELIMINARY INJUNCTION DENIED; ACTIONS BY THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS TO LOSS OF LEGAL DOCUMENTS, HAIRCUTS, AND RULES VIOLATION REPORT AFFIRMED; AND OTHER INMATE COMPLAINTS DISMISSED DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| DISPOSITION: | AFFIRMED: 12/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT**:

¶1.     Craig Steven Bentrup filed five grievances with the Administrative Remedy Program

(ARP) of the Mississippi Department of Corrections (MDOC).   Unsatisfied with the

decisions, he appealed to the Rankin County Circuit Court. The circuit court found that Bentrup exhausted his administrative remedies on three claims, reviewed those claims, and affirmed the MDOC actions. The circuit court denied the other two claims because Bentrup did not exhaust all administrative remedies and dismissed them as premature. We find no error and affirm.

## FACTS

¶2. Bentrup is an inmate incarcerated with MDOC. His five grievances were labeled as ARP I through V. The circuit court affirmed MDOC's decisions as to ARP I, II, and V. In ARP I, Bentrup alleged that MDOC took his property. In ARP II, Bentrup alleged concerns over MDOC's haircut procedures. In ARP V, Bentrup asked that a Rule Violation Report (RVR) be expunged from his record.

¶3. The circuit court did not review MDOC's decisions as to ARP III and IV on the grounds that Bentrup had not exhausted his administrative remedies. In ARP III, Bentrup alleged discrimination. In ARP IV, Bentrup claimed that MDOC deprived him of his personal property.

## STANDARD OF REVIEW

¶4. This Court applies the same standard of review that the lower courts are bound to follow when considering a decision by a chancery or circuit court regarding an agency action, in this case the MDOC. *Clay v. Epps*, 19 So. 3d 743, 745 (¶7) (Miss. Ct. App. 2008). We will review the appeal to determine whether the administrative agency's order "(1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power or the administrative agency to make, or (4) violated some statutory or constitutional

2

right of the aggrieved party." *Id.* (citing *Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007)).

### DISCUSSION

*I.      ARP I*

¶5.      In ARP I, Bentrup argued that he should be compensated for the loss of his property – legal materials that went missing while being transported from Harrison County to Central Mississippi Correctional Facility (CMCF).  When MDOC received Bentrup's complaint, MDOC began an investigation and asked Bentrup to provide sufficient evidence to substantiate his lost property allegations.  Bentrup told MDOC that the property slip was in his permanent case file.

¶6.      Bentrup also provided MDOC his testimony and the statements of other inmates. Bentrup claimed that he was told by MDOC staff that they knew the location of his legal documents.  According to the First Step Response Form, MDOC's staff informed Bentrup that "someone may bring you to ID to get the property."

¶7.      Bentrup cites *Johnson v. King*, 85 So. 3d 307, 308 (¶1) (Miss. Ct. App. 2012), to claim that the loss of his legal materials is analogous to the confiscation of an inmate's drinking mugs.  However, in *Johnson*, it was not necessary for the plaintiff to prove that he possessed the drinking mug because MDOC confiscated all drinking mugs.  *Id.* at 309 (¶2).  Here, MDOC did not confiscate Bentrup's property.  As a result, it was necessary for Bentrup to establish that he possessed the particular legal documents that he claimed were lost.

¶8.      MDOC determined that Bentrup could not physically produce a property slip showing all of the property that he claimed was missing.  Instead, MDOC replaced two of the several

documents that Bentrup claimed were missing. We find that MDOC's decision to replace some but not all of Bentrup's alleged lost property was based on substantial evidence. The decision was not arbitrary and capricious, and was within the scope of MDOC's authority. Accordingly, we find no merit to this issue.

## II. ARP II

¶9. In ARP II, Bentrup complained to MDOC about the staff not following proper haircut procedures. Bentrup took statements from inmates and requested that pictures taken post-haircuts be considered by the MDOC as evidence of unsanitary haircut procedures. MDOC decided to close Bentrup's claim by ensuring him that certain precautions would be taken to correct the issue.

¶10. Bentrup admitted that he did not suffer an injury from a haircut. Bentrup claimed that future blood work could show that he contracted a disease by virtue of a prior unsanitary haircut. Thus, Bentrup complains of an injury that he believes came from the haircut, but he cannot show an injury.

¶11. In *Crawford Commercial Constructors, Inc. v. Marine Industrial Residential Insulation, Inc.*, 437 So. 2d 15, 16 (Miss. 1983), the court held that the injury must have existed at the time the action was filed.

> Under our authorities there must be a present, existent actionable title or interest which must be completed at the time the cause of action is filed. A mere inchoate right is not sufficient and neither is a prospective danger of injury. In *Georgia Pac. Ry. Co. v. Baird*, 76 Miss. 521, 24 So. 195, 196 (1898), this Court addressed the issue in the following words, "It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced." *See also Brown Brothers & Co. v. The Bank of Mississippi*, 31 Miss. 454, 459 (1856), wherein it is stated, "we consider it to be the well-settled, general rule, that the facts which

4

constitute the ground of a suit must exist at the time the suit is instituted."
*Id.* (internal citations omitted). Therefore, because Bentrup admittedly suffered no injury at the time that he filed his complaint, we find no merit to this issue.

### III.     ARP III

¶12.    In ARP III, Bentrup complained that MDOC staff discriminated against him.   The circuit court held that Bentrup had not exhausted his administrative remedies as to this claim. However, we find that Bentrup had indeed exhausted his administrative remedies.   The record includes MDOC's final decision, dated September 20, 2012, which was given to Bentrup on October 9, 2012.   Because we find that Bentrup exhausted his administrative remedies, we will review Bentrup's discrimination claim.

¶13.    Bentrup alleges that the prison staff told "the gangs that it's ok to attack an old, white, peon, writ-writer and take his property and/or place contraband on him."   Specifically, he complains of an incident where a cell phone was "planted" on him.   Next, he alleged that he was coerced to "take the rap for a black gang member concerning the possession of marijuana."   Then, he complains of being assaulted by inmates early one morning.   Lastly, Bentrup believed that the prison staff made him a "target."

¶14.    Bentrup did not present any other evidence or case authority to support his claim of discrimination.   In *Mack v. State*, 943 So. 2d 73, 77 (¶12) (Miss. Ct. App. 2006), an inmate alleged that the Mississippi Parole Board denied his parol because of his race.   However, the inmate "provide[d] no specific examples to show that his treatment [was] not equal to the . . . treatment received by other inmates.   Mack fail[ed] to point out even one incident of a similarly situated inmate receiving the parole that has been denied to Mack."   *Id*.   Also, in

5

*Hopson v. Mississippi State Parole Board*, 976 So. 2d 973, 977-78 (¶12) (Miss. Ct. App. 2008), this Court held, "[w]hile race is a suspect class entitled to strict scrutiny, [the inmate] has failed to show evidence either in his petition or in the record that establishe[d] that he suffered any equal protection violation by the application of the statute based on a suspect classification."

¶15.    MDOC concluded that Bentrup failed to show evidence to support the allegations of his complaint, and there is no other evidence in the record that would establish that Bentrup suffered any equal protection violation or unlawful discrimination. We find no merit to this issue.

   IV.    ARP IV

¶16.    In ARP IV, Bentrup claims that MDOC deprived him of his allowable personal property. Bentrup provided MDOC with a list of requested items. The circuit court held that Betrup had not exhausted his administrative remedies and dismissed the claim as premature.

¶17.    After the circuit court's ruling, on April 4, 2013, MDOC gave Bentrup his list of requested items. As a result, this claim is now moot. "A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit or detriment to defendant." *Falls v. Jefferson Davis Cnty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶10) (Miss. 2012). Because Bentrup received his list of request items, a judgment on the merits would be of no practical benefit or detriment to Bentrup.

   V.    ARP V

¶18.    In ARP V, Bentrup claims that he received an unwarranted RVR on his record after a fight. However, MDOC never processed an RVR on Bentrup's record concerning that

incident. MDOC only made a note on Bentrup's file of the event as an "extraordinary occurrence." As a result, based on the authority cited above, we find this issue to be moot. Since MDOC never processed the RVR, there was no RVR on Bentrup's record to expunge.

¶19.   Finding no reversible error in the circuit court's judgment, we affirm.

¶20.   **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY**.

**LEE, C.J., IRVING, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**