# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00625-COA

**THOMAS J. HOOGHE A/K/A THOMAS HOOGHE A/K/A THOMAS JAMES HOOGHE**                    **APPELLANT**

**v.**

**WARDEN FRANK SHAW, PROPERTY OFFICER C. YOUNG, AND UNIT MANAGER J. JACKSON**                    **APPELLEES**

DATE OF JUDGMENT:              05/26/2020
TRIAL JUDGE:                   HON. CHARLES W. WRIGHT JR.
COURT FROM WHICH APPEALED:     LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        THOMAS J. HOOGHE (PRO SE)
ATTORNEY FOR APPELLEES:        STEVEN JAMES GRIFFIN
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                   AFFIRMED - 08/24/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.    Thomas Hooghe, an inmate of the Mississippi Department of Corrections (MDOC), petitioned the Lauderdale County Circuit Court for judicial review of a decision rendered by the MDOC through its Administrative Remedy Program (ARP). The circuit court entered an order affirming the MDOC's decision and dismissing Hooghe's complaint for judicial review.

¶2.    Hooghe now appeals, arguing that the circuit court erred in treating his request as one for judicial review of an administrative agency's decision. Finding no reversible error, we affirm.

**FACTS**

¶3.     In June 2019, Hooghe underwent a medical procedure that required an overnight hospital stay. At the time, Hooghe was incarcerated at the East Mississippi Correctional Facility (EMCF). Because the MDOC had determined that the medical department at EMCF was not equipped to provide the necessary care to Hooghe following his medical procedure, Hooghe was transported temporarily to the Central Mississippi Correctional Facility (CMCF).

¶4.     Nearly two weeks after he arrived at CMCF, Hooghe filed a grievance through the MDOC's ARP. In his grievance, Hooghe asserted that his personal property was still at EMCF, and he requested that his property be sent to him at CMCF. Hooghe also asserted that his ability to prosecute a pending lawsuit against Warden Frank Shaw in federal court was hindered by the fact that he did not have his legal paperwork related to that case.[1]

¶5.     On August 6, 2019, while he was still housed at CMCF, Hooghe filed a motion for injunctive relief (also referred to in the record as a motion for "injustice relief") in his pending federal court case. In his motion for injunctive relief, Hooghe claimed that the MDOC moved him from EMCF to CMCF in retaliation for filing the federal lawsuit against Warden Shaw. Hooghe further claimed that while he was at CMCF, his possessions at

---

[1] The record shows that prior to the circumstances at issue in the present case, Hooghe filed a separate lawsuit against Warden Shaw in federal court asserting that Warden Shaw wrongfully withheld Hooghe's 2017 Swimsuit Edition of *Sports Illustrated*.

2

EMCF disappeared.[2]

¶6.     On August 29, 2019, the MDOC transferred Hooghe from CMCF back to EMCF.  On September 4, 2019, Property Officer C. Young completed a first-step response to Hooghe's ARP grievance, stating that Hooghe had received his personal property the previous day—September 3, 2019.

¶7.     Hooghe then proceeded to the second step of the ARP process and appealed.  In his appeal, Hooghe argued that unspecified personal items and his legal paperwork were still missing.  Deputy Warden Ray Rice completed a second-step response to Hooghe's grievance on September 25, 2019.  In his response, Deputy Warden Rice stated that he had spoken with the EMCF property officer and confirmed that all personal property with Hooghe's name on it had been returned to him.

¶8.     The record reflects that on October 24, 2019, after receiving Hooghe's August 6, 2019 motion for injunctive relief, Warden Shaw directed Investigator LeMarcus Ruffin to investigate the status of Hooghe's missing property.  Investigator Ruffin prepared a report reflecting his findings from the investigation.  In his report, Investigator Ruffin stated the

_____

[2] The federal court ultimately denied Hooghe's motion for injunctive relief and also granted summary judgment in favor of Warden Shaw.  *Hooghe v. Shaw*, No. 3:17CV272-TSL-LRA, 2020 WL 1536166, at *1 (S.D. Miss. Feb. 21, 2020), *report and recommendation adopted by* 2020 WL 1529370 (S.D. Miss. Mar. 30, 2020).  In denying Hooghe's motion for injunctive relief, the federal court held that Hooghe failed to meet his burden of proving his claim of retaliation by Warden Shaw.  *Id*. at *7.  The federal court also found that after Hooghe was returned to EMCF, Warden Shaw "instigated an investigation into the loss of Hooghe's property, and it was ultimately returned to him."  *Id*.

3

EMCF property officer told him that the only property in storage that was identified as belonging to Hooghe was his state-issued property. Investigator Ruffin found, however, that the property officer had not completed a property-inventory sheet for Hooghe's personal property during the time Hooghe left EMCF for his medical appointment in June 2019.

¶9.    Investigator Ruffin stated that he met with Hooghe to discuss his missing personal property, and Hooghe provided a list of the materials he claims went missing after he left EMCF for his medical appointment. This list included several magazines, three law books, and his legal paperwork. According to his report, Investigator Ruffin was unable to determine what happened to Hooghe's personal property during the time he was away from EMCF. However, in response to Hooghe's complaint about the loss of his personal property, EMCF officials agreed to provide Hooghe with a replacement copy of all documents filed with the court in his federal lawsuit, all of his administrative grievance records, all materials he had previously requested from the Inmate Legal Assistance Program, and the three law books he claims went missing. The record reflects that these materials were all delivered to Hooghe on January 6, 2020.

¶10.    On January 6, 2020, Hooghe filed a complaint in the circuit court seeking judicial review of the MDOC's ARP decision pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015).[3]    On May 26, 2020, the circuit court entered an order affirming the

[3] On April 17, 2020, the Appellees filed a motion to dismiss and an alternative response in opposition to Hooghe's complaint for judicial review. The Appellees asserted that although Hooghe received the MDOC's second-step response to his ARP grievance on

MDOC's decision and dismissed the complaint. The order reflects that Hooghe "has failed to demonstrate that the denial of his administrative grievance was unsupported by substantial evidence, arbitrary or capricious, beyond the prison official's scope or powers, or violative of his constitutional or statutory rights."

¶11. Hooghe now appeals.

## STANDARD OF REVIEW

¶12. "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Roberson v. Fisher*, 303 So. 3d 788, 790 (¶8) (Miss. Ct. App. 2020), *cert. denied*, 303 So. 3d 420 (Miss. 2020). "We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id.* "The court examines whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond

September 27, 2019, Hooghe failed to file his complaint for judicial review until January 6, 2020, outside of the thirty-day deadline imposed by section 47-5-807. *See* Miss. Code Ann. § 47-5-807. The Appellees argued that because Hooghe's complaint was time-barred, the circuit court should dismiss the complaint. However, evidence in the record before us shows that Hooghe mailed his complaint to the circuit court on October 15, 2019—within the thirty-day time period allowed by section 47-5-807. "Under the prison mailbox rule, a pleading is deemed timely if it is deposited in the prison mail system within the time required." *Sykes v. State*, 757 So. 2d 997, 1000 (¶12) (Miss. 2000). In their appellate brief, the Appellees recognize that in its order affirming the MDOC's ARP decision, the circuit court did not address the Appellees' arguments regarding the timeliness of Hooghe's complaint. The Appellees also state that the timeliness issue is not presently before this Court.

the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*. (internal quotation mark omitted). "Whether the circuit court has jurisdiction is a question of law and is reviewed de novo." *Id*.

**DISCUSSION**

I. **Whether the circuit court erred in considering Hooghe's complaint as a request for judicial review of an administrative decision pursuant to section 47-5-807.**

¶13. On appeal, Hooghe argues that the loss of his personal property constitutes a taking without compensation or due process, in violation of his constitutional rights. Hooghe asserts that because his complaint set forth alleged facts that could support tort claims under state law and constitutional claims under federal law, the circuit court erred in treating Hooghe's complaint as an appeal of an administrative decision pursuant to section 47-5-807. Hooghe submits that the circuit court should have instead treated his complaint as a civil lawsuit. Hooghe additionally asserts that an MDOC inmate's claims against officials employed at a privately run prison like EMCF are not subject to the procedure authorized in Mississippi Code Annotated section 47-5-801 (Rev. 2015).

¶14. Section 47-5-807 provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." The Appellees correctly argue that just because an inmate attempts to raise certain legal theories in an administrative grievance or appeal of the

same does not take it outside the scope of judicial review contemplated by section 47-5-807. Mississippi Code Annotated section 47-5-803(1) (Rev. 2015) states that the ARP "shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may claim to have against the State of Mississippi, the Department of Corrections or its officials or employees." *See also Bentrup v. Epps*, 152 So. 3d 1222, 1223 (¶1) (Miss. Ct. App. 2014) (reviewing a decision rendered through the ARP process on an inmate's claims regarding lost personal property and equal protection violations). Furthermore, our review of Hooghe's complaint filed in the circuit court does not reflect any express assertions by Hooghe as to claims of conversion or violations of his constitutional rights. Hooghe's complaint instead sets forth the same set of facts provided in his original ARP grievance, and it includes the addition of an itemized list of property he purportedly still is missing. Hooghe's complaint also seeks the same type of relief he was denied through the ARP process below.

¶15. Additionally, we find no merit to Hooghe's unsupported assertion that his claims against employees of a privately run prison are not subject to the administrative scheme authorized in section 47-5-801. Section 47-5-801 provides that the MDOC "is hereby authorized to adopt an administrative review procedure at each of its correctional facilities[.]" The MDOC's website lists EMCF as one of its privately run facilities.[4] The

---

[4] Miss. Dep't of Corr., https://www.mdoc.ms.gov/Pages/Facility-Locations.aspx (last visited Aug. 24, 2021).

MDOC's website also states that the ARP "applies to all employees of the [MDOC] and all inmates committed to the custody of the [MDOC][,]" including inmates housed at private prisons.[5] *See also Tubwell v. Grant*, 760 So. 2d 687, 690 (¶15) (Miss. 2000) (recognizing that the Legislature granted the MDOC "explicit authority to house state inmates at . . . private facilities within [Mississippi]").

## II.     Whether the circuit court erred by affirming the MDOC's decision.

¶16.    In its order affirming the MDOC's decision and dismissing Hooghe's complaint, the circuit court found that Hooghe "failed to demonstrate that the denial of his administrative grievance was unsupported by substantial evidence, arbitrary or capricious, beyond the prison official's scope or powers, or violative of his constitutional or statutory rights." As stated, "a rebuttable presumption exists in favor of the action of the agency," and Hooghe bears the burden of proving that the MDOC's decision "(1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated [his] statutory or constitutional right . . . ." *Roberson*, 303 So. 3d at 790 (¶8).

¶17.    Here, Hooghe filed his ARP grievance requesting that his personal property at EMCF be delivered to him at CMCF. The MDOC issued a first-step response indicating that after Hooghe arrived back at EMCF, his personal property was returned to him. Hooghe appealed

---

[5] Miss. Dep't of Corr., https://www.mdoc.ms.gov/Institutions/Pages/Administrative-Remedy-Program.aspx (last visited Aug. 24, 2021).

(the second step of the ARP process), asserting that he was still missing unspecified items, including his legal paperwork. The MDOC completed a second-step response stating that all personal property identified as belonging to Hooghe had been returned to him. EMCF officials further investigated the matter and were ultimately unable to determine the location of Hooghe's legal paperwork and other personal property he claims went missing after he left EMCF in June 2019. The record shows that EMCF officials provided Hooghe new copies of the three law books that he claims went missing, as well as copies of the documents filed in his federal court lawsuit, all of his administrative grievance records, and all materials he had received from the Inmate Legal Assistance Program office at EMCF.

¶18.    In his complaint seeking judicial review of the MDOC's decision, Hooghe asserted that he could prove the value of the missing property "by eyewitnesses and canteen receipts." Hooghe also attached an affidavit to his complaint stating that he "can provide commissary records, witness (both staff and inmate) [statements], and affidavits" to verify the existence of the "abundant personal property" that he asserts is missing. However, Hooghe failed to actually provide any of this evidence, or any other evidence, to show that he ever purchased or owned any of the items he claims are missing.

¶19.    In a similar case, *Bentrup*, 152 So. 3d at 1224 (¶5), this Court reviewed the MDOC's ARP decision addressing an inmate's grievance seeking the return of his personal property. In that case, the inmate, Bentrup, filed a grievance claiming that he should be compensated for the loss of his property, including legal materials, that went missing while he was being

transported to a different correctional facility. *Id*. The MDOC investigated the matter and determined that Bentrup "could not physically produce a property slip showing all of the property that he claimed was missing." *Id*. at (¶8). Regardless, "[the] MDOC replaced two of the several documents that Bentrup claimed were missing." *Id*. Upon review, this Court found no merit to Bentrup's argument that he should be compensated for the loss of his property. *Id*. This Court held that "[the] MDOC's decision to replace some but not all of Bentrup's alleged lost property was based on substantial evidence. The decision was not arbitrary and capricious, and was within the scope of [the] MDOC's authority." *Id*.

¶20. In the present case, Hooghe failed to demonstrate that any of the Appellees ever possessed or confiscated any of the personal property he now claims is missing. Hooghe also failed to establish that he ever purchased or possessed the particular items he claims were lost. The record reflects that the MDOC provided Hooghe with all of his property stored in the EMCF property room, as well as all copies of the legal documents and law books that he claims were lost. Further, as stated by the Appellees, many of the missing items Hooghe listed in his complaint—four bags of coffee, four radios, three sets of headphones, three sets of earbuds, sixteen AA batteries, eyeglasses, nail clippers, thermal underwear, and writing materials—were never mentioned in any of his ARP grievances or during the MDOC's investigation.

¶21. After our review, we find that Hooghe failed to prove that the MDOC's decision was not supported by substantial evidence, was arbitrary or capricious, was beyond the MDOC's

10

scope of powers, or violated Hooghe's statutory or constitutional rights. We therefore affirm the circuit court's order dismissing Hooghe's complaint.

¶22. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**