# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-SA-00571-COA

**RUSSELL HALEY**                                               **APPELLANT**

**v.**

**FRANKLIN BREWER, EDDIE ROGERS AND**          **APPELLEES**
**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/17/2023 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RUSSELL HALEY (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: WILLIAM R. COLLINS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/28/2024 |
| MOTION FOR REHEARING FILED: | |

### BEFORE BARNES, C.J., McCARTY AND EMFINGER, JJ.

### McCARTY, J., FOR THE COURT:

¶1. An inmate filed a civil suit protesting his transfer to a different prison facility. Finding that he has no liberty interest in his housing assignment, we affirm the trial court's denial of relief.

¶2. "In October 2015, a Warren County grand jury indicted [Russell] Haley on two counts of child exploitation," and in early 2017, he "entered an open plea" of guilty, which the trial court accepted, resulting in a sentence of "forty years in the custody of the MDOC, with ten years to serve and thirty years suspended." *Haley v. State*, 331 So. 3d 36, 39 (¶2) (Miss. Ct. App. 2021).

¶3. Afterwards, Haley was assigned to be housed at Stone County Regional Facility. Via a civil suit, he claims he was transferred to a different facility in George County after complaining about certain health and safety conditions in Stone County. Haley argued he followed the requirements of the Administrative Remedy Program, but he claims that the facility did not and that his transfer was a result of retaliation for his speaking out about the harassment he faced in Stone County.

¶4. The trial court found that because Haley was incarcerated, he did not have a liberty interest in which facility he was assigned. In reaching this decision, the trial court relied upon a previous decision from this Court, which held "that inmates have neither a property nor liberty interest in any particular housing assignment or custodial classification under the United States Constitution or Mississippi law." *McDonald v. Jones*, 816 So. 2d 448, 451 (¶8) (Miss. Ct. App. 2002). Haley appealed, and his case was assigned to us for review.

¶5. "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Hooghe v. Shaw*, 332 So. 3d 341, 345 (¶12) (Miss. Ct. App. 2021). "We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id*. "The court examines whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*. (internal quotation mark omitted).

¶6. Haley has separated his arguments on appeal into five different points, but they all focus on attacking the procedure afforded to him in the Administrative Remedy Program or claiming the trial court's review was overly deferential to the Mississippi Department of Corrections. Yet the core ruling by the trial court—that Haley does not have a liberty interest in his housing assignment within MDOC—can be reviewed regardless of the alleged problems Haley encountered with the administrative review of his complaint.

¶7. "Inmates have no property or liberty interest when it comes to their housing assignment." *Hamilton v. Ruffin*, 875 So. 2d 1125, 1126 (¶5) (Miss. Ct. App. 2004); *Carson v. Hargett*, 689 So. 2d 753, 755 (Miss. 1996) (similarly finding an inmate "has no liberty interest in his classification to the general population"). This point has been settled for many years. *See Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984) (finding that "[u]nder Mississippi state law, the classification of inmates is the responsibility of the Department of Corrections, and an inmate has no right to a particular classification," and that the federal court has "often noted that prison officials have a broad discretion in classifying prisoners in terms of their custodial status").

¶8. Haley first argues the trial court ruled before he was "given the opportunity" to show how MDOC violated his rights, which he claims in his reply brief resulted in the warden ordering "an unlawful transfer from my home facility[.]" But the transfer was not unlawful; MDOC has broad authority on decisions of this type, as under State law it is "vested with the exclusive responsibility for management and control of the correctional system . . . and shall be responsible for the management of affairs of the correctional system and for the proper

3

care, treatment, feeding, clothing and management of the offenders confined therein." Miss. Code Ann. § 47-5-23 (Rev. 2023). As the Supreme Court ruled regarding an inmate's change in a facility from general population to close confinement, this "is an administrative decision beyond judicial reproach in this instance." *Carson*, 689 So. 2d at 755.

¶9. Much of the remainder of Haley's arguments are his critiques of how MDOC handled his ARP and whether it complied with its own rules. Citing to MDOC's own disciplinary procedures, we have held "time frames and procedural requirements" for reviewing an ARP "are advisory guidelines," and their violation will not constitute a due process violation. *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 592 (¶¶13-14) (Miss. Ct. App. 2017). Therefore, there is no basis for reversal even if it appears to Haley that MDOC failed to follow its procedures in this matter.

¶10. Therefore, we affirm the decision of the trial court denying relief, as Haley has no protected liberty interest in his housing assignment within MDOC.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**