# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00654-COA

**FREDERICK D. SMALL A/K/A FREDERICK SMALL**                    APPELLANT

**v.**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                    APPELLEE

DATE OF JUDGMENT:          05/12/2025
TRIAL JUDGE:          HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:          SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          FREDERICK D. SMALL (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
          BY: WILLIAM R. COLLINS
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:          AFFIRMED - 05/19/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**LASSITTER, ST. PÉ, J., FOR THE COURT:**

¶1.     Frederick Small appeals the Sunflower County Circuit Court's order denying his complaint for judicial review. After reviewing the record, we find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2010, Small was convicted of burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-23 (Supp. 2008) in the Circuit Court of DeSoto County. In accordance with Mississippi Code Annotated section 99-19-81 (Rev. 2007), Small was sentenced as a habitual offender and ordered to serve eighteen years in the custody of the Mississippi Department of Corrections. Small's underlying convictions for his habitual

offender sentence included a 1996 conviction of aggravated burglary in Tennessee, a 2001 conviction from Tate County for residential burglary, and a 2001 conviction from Panola County for residential burglary.

¶3.    In 2014, the Legislature enacted Mississippi Code Annotated section 97-3-2, codifying for the first time a list of offenses to be considered per se violent. Burglary of a dwelling under section 97-17-23 was included in that list. Miss. Code Ann. § 97-3-2(o) (Rev. 2014).

¶4.    Nearly ten years later, in 2023, Small filed a request through MDOC's Administrative Remedy Program (ARP) and requested that he be placed in a community work center (CWC) or be deemed eligible to receive trusty earned time. In his ARP request, Small claimed that he was a nonviolent offender and therefore eligible for placement in a CWC or trusty to receive earned time because when he was convicted of burglary in 2010, burglary of a dwelling was not considered a per se violent offense.

¶5.    In 2025, after exhausting his administrative remedies, Small filed a petition for judicial review in the Circuit Court of Sunflower County pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2023). In his petition, Small claimed that he was entitled to trusty earned time or CWC placement. Small also argued that MDOC violated his right to due process and subjected him to ex post facto laws by classifying him as a violent offender because burglary of a dwelling was not a statutory crime of violence when Small was convicted in 2010.

¶6. The circuit court denied Small's requested relief and affirmed MDOC's decision. Relying heavily on *Watson v. State*, 329 So. 3d 1215 (Miss. Ct. App. 2021), the circuit court reasoned that a "legislative change" made burglary of a dwelling a violent offense, so therefore, Small was not subjected to an ex post facto law.

¶7. The circuit court also noted that to establish a due process violation, Small had to show that MDOC misapplied its reasonable prisoner classification regulations, and he failed to do so. The court concluded by finding that under the federal and state constitutions, there is no constitutional right to a requested housing assignment. The circuit court found that MDOC's decision to deny Small's request for placement in a CWC or to receive trusty earned time was "supported by substantial evidence, [wa]s not arbitrary, capricious, or beyond the scope of the [MDOC's powers]."

¶8. Now Small appeals, raising three points of error. First, he claims that the circuit court erred by denying judicial review of MDOC's "retroactive reclassification" of his offense from nonviolent to violent. Second, he asserts that the retroactive application of the reclassification violated ex post facto laws of both the United States and Mississippi Constitutions. Lastly, he argues that the reclassification deprived him of due process and the ability to be heard. Due to the interconnectivity of the issues Small raised, his arguments will be addressed together.

## ANALYSIS

¶9. On appeal, Small argues that the circuit court erred by affirming MDOC's decision

to deny him eligibility for trusty earned time or placement in a CWC because his status was "retroactively" changed from nonviolent to violent in violation of his due process rights. However, we find this argument unpersuasive and affirm the judgment of the circuit court.

¶10. "This Court applies the same standard of review that the lower courts are bound to follow when considering a decision by a chancery or circuit court regarding an agency action, in this case the MDOC." *Bentrup v. Epps*, 152 So. 3d 1222, 1223 (¶4) (Miss. Ct. App. 2014). Accordingly, "[t]he decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *McDonald v. Jones*, 816 So. 2d 448, 450 (¶4) (Miss. Ct. App. 2002). Moreover, "[t]his Court has held that there is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary." *Smith v. Wesley*, 157 So. 3d 860, 861 (¶8) (Miss. Ct. App. 2015).

¶11. We note that the circuit court's order correctly pointed out that MDOC's decision to deny Small trusty status or placement in a CWC was supported by substantial evidence, was not arbitrary or capricious or beyond the scope of its powers, nor did the decision violate Small's constitutional or statutory rights. *See generally McDonald*, 816 So. 2d at 450 (¶4).

¶12. In fact, after Small filed his ARP request seeking trusty status or placement in a CWC, MDOC promptly notified Small that he was ineligible for either based on his previous convictions of aggravated burglary in Tennessee, a violent offense under Tennessee Code

4

Annotated section 40-35-120. MDOC was also prevented from awarding Small CWC placement by its own operating procedures. Specifically, Standard Operating Procedure 22-01-01 states that "violent offenders will not be considered for CWC placement."

¶13.    Additionally, as discussed *supra*, the DeSoto County Circuit Court sentenced Small as a habitual offender in accordance with Mississippi Code Annotated section 99-19-81. As a consequence of his sentence as a habitual offender, Small was ineligible to receive trusty earned time. *See* Miss. Code Ann. § 47-5-138.1(2)(b) (Rev. 2004) (stating inmates convicted as habitual offenders under section 99-19-81 are ineligible to receive trusty earned time).

¶14.    Essentially, statutory law and MDOC's own operating procedures prevented MDOC from granting Small trusty status or placement in a CWC. Therefore, we cannot find that the circuit court erred in upholding MDOC's decision to not award Small trusty status or CWC placement.

¶15.    Small also argues that MDOC's "retroactive reclassification" of his offense from nonviolent to violent violated the ex post facto clauses of both the United States and Mississippi Constitutions and that he was deprived of the opportunity to challenge the reclassification. "An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of the crime." *Watson v. State*, 329 So. 3d 1215, 1218 (¶8) (Miss. Ct. App. 2021). However, "[c]hanges in procedural rules after a party is sentenced for a crime are not ex post facto laws." *Id.* at (¶9). Our Supreme Court has also maintained that "section 97-3-2 is not a substantive criminal statute."

*Id.*

¶16.    Here, a legislative change occurred in 2014, and burglary of a dwelling was statutorily deemed a violent offense under Mississippi Code Annotated section 97-3-2. This Court has already followed Supreme Court precedent determining that section 97-3-2 is procedural, not substantive, and we have held that changes in procedural rules do not implicate the ex post facto clause. *See Watson*, 329 So. 3d at 1218 (¶¶9-10) (citing *Bowman v. State*, 283 So. 3d 154, 168 (¶55) (Miss. 2019)). Similarly, because the enactment of section 97-3-2 was a procedural, not a substantive, change in the law and because it did not affect Small's punishment, he was not deprived of due process or his "right" to challenge the classification.

¶17.    Most importantly, just as in *Watson*, the reclassification of this crime did not violate Small's ex post facto rights, as no "new offense or changes [in] punishment" occurred. *Id.* at (¶8). There was no "new offense" or "change" in Small's punishment after the legislative enactment because, even before the statute, MDOC's regulations excluded Small from trusty status or CWC placement by virtue of his 1996 conviction of aggravated burglary. Thus, even before section 97-3-2, Small was prevented from attaining trusty status or CWC placement by MDOC's internal procedures.

¶18.    Furthermore, Small was sentenced as a section 99-19-81 habitual offender in 2010, and at that time, Mississippi Code Annotated section 47-5-138.1(2)(b) prevented habitual offenders from receiving trusty status or CWC placement. *See* Miss. Code Ann. 47-5-138.1(2)(b) (Supp. 2010). Thus, MDOC's decision not to award Small trusty status or CWC

placement does not constitute an ex post facto law, as the decision did not change his punishment in any way or create a new penalty for an earlier crime.

## CONCLUSION

¶19.    We find that Small failed to prove that MDOC's decision was not supported by credible evidence, arbitrary or capricious, beyond MDOC's scope or powers, or violative of his constitutional rights. Therefore, we affirm the order of the circuit court and hold that MDOC's decision to deny Small eligibility for trusty earned time or CWC placement did not violate the ex post facto clauses or his right to due process.

¶20.    **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. CARLTON, P.J., WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**